Smith, impl., etc., *v.* Williams.

---

GEORGE C. SMITH, impleaded with Frank Swick and Richard N. Cowan, Appellant, *v.* NATHANIEL L. WILLIAMS, Appellee.

APPEAL FROM COOK.

Where the evidence as to the persons who compose a copartnership is conflicting, the verdict will not be disturbed.

The court may send a jury back under instructions, as to how to correct a verdict.

A party cannot complain of an instruction, which favors himself.

THIS is an action of assumpsit, brought by the appellee against the appellant, impleaded, etc. Suit commenced by summons; service on George C. Smith, appellant only, others not found.

The declaration contains three special counts and the common counts.

The first count is on a note as follows:

CHICAGO, ILL., Sept. 30, 1857.

Received of N. L. Williams, sixty dollars, cash, which we promise to pay on demand, with interest, at the rate of $3\frac{1}{2}$ per cent. per month.

$60.      FRANK SWICK & CO.

The second count is on a note as follows:

CHICAGO, ILL., Oct. 1, 1857.

Received of N. L. Williams, one hundred and ninety dollars, which we promise to pay on demand, with interest, at the rate of $3\frac{1}{2}$ per cent. per month.

$190.      FRANK SWICK & CO.

The third count is on a note as follows:

Smith, impl., etc., *v.* Williams.

CHICAGO, ILL., Oct. 13, 1857.
Received of N. L. Williams, seventy dollars, in cash, which we promise to pay on demand, with interest, at the rate of 3½ per cent. per month.

$70.                                            FRANK SWICK & CO.

The defendant, George C. Smith, pleaded non-assumpsit, verified by affidavit.

Joinder by plaintiff.

The cause came on for trial before MANIERRE, Judge, and a jury, on the 30th day of June, A. D. 1858.

The cause was submitted to the jury, who, under the directions of the court, brought in a sealed verdict the following morning, which was as follows :

We, the jury, find verdict for the plaintiff.

Thereupon the court ordered the jury to retire again, and assess the damages, casting interest on the amount of notes at six per cent. per annum.   To which said direction the said defendant, by his counsel, excepted.

Afterwards the jury returned a verdict as follows :

We, the jury, find verdict for plaintiff, and assess the damages at $334.22.

Thereupon said defendant, by his counsel, moved for a new trial and in arrest of judgment.

The court overruled said motions.

R. S. BLACKWELL, and E. G. ASAY, for Appellant.

D. P. WILDER, for Appellee.

CATON, C. J.   This was an action of assumpsit on three several promissory notes, executed by Frank Swick & Co., a firm composed of Swick, Smith and Cowan, as is averred in the declaration.   Smith alone was served with process.   He appeared and pleaded non-assumpsit, which he verified by affidavit under our statute.   The pleadings admitted the execution of the notes by Frank Swick & Co., and the only question made on the trial, was whether Smith was a member of that firm, when the notes were executed.   Upon this point, the testimony was conflicting, some witnesses swearing that he was, and others, that he was not.   There was evidence sufficient to support a verdict either way, and as the jury have settled this conflict in favor of the plaintiff below, we shall not disturb the verdict.

When the jury first came into court, they offered a verdict for the plaintiff simply, without assessing the damages.   This the court refused to receive, but sent them again to their room, with instructions to assess the plaintiff's damages to the amount of the notes, calculating the interest at six per cent. per annum.

They afterwards returned a verdict in accordance with this instruction. Of this action of the court, Smith complains, but we think without the least cause. It has often been settled, that if a verdict is returned which is defective, or informal, it is the duty of the court to send the jury back, with directions how the verdict should be made up. If there was any error in this instruction, it was in favor of Smith, for the notes on their face drew interest at three and a half per cent. per month, and the court, when there was no plea of usury interposed, instructed the jury to allow but half per cent. per month. Whatever error there was in this instruction was in favor of Smith, and he cannot complain. The judgment is affirmed.

*Judgment affirmed.*