## FICK vs. MULHOLLAND.

*January 7 — February 3, 1880.*

REVERSAL OF JUDGMENT.  *(1) For failure of jury to find upon some issues of fact.*

EVIDENCE: DISSOLUTION OF PARTNERSHIP.  *(2) When declarations of one partner inadmissible.*

SPECIAL VERDICT.  *(3) Power of court to send jury back to reconsider verdict.*

EXEMPTION.  *(4) What constitutes a claim of property as exempt from execution.*

1. The fact that, in an action at law, only one of three issues of fact made by

the pleadings was submitted to or passed upon by the jury, is held no ground for reversing a judgment for the plaintiff (in whose favor the third issue was found), where there was evidence on plaintiff's part to sustain the judgment, and *no conflicting evidence* that was admissible.

2. Where the question is, whether a partnership was dissolved before certain goods were seized on execution for a partnership debt, proof of statements made by one of the former partners, after such alleged dissolution, in the absence of the other partner, is inadmissible.

3. After the bringing in of a special verdict, the court may send the jury back to make an answer more specific.

4. Where plaintiff's goods, seized by an officer on attachment, were in fact exempt from seizure, and the jury found that after the seizure plaintiff demanded their return, and stated, as his reason for the demand, " that it was his property, and he wanted it to support his family:" *Held*, that this shows a claim of the property *as exempt*.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover damages for the alleged unlawful taking and conversion by the defendant of thirty-seven barrels of beer of the value of $167, and three hundred and thirty pounds of hops of the value of $33. Answer, that the defendant, at the time of the alleged taking and conversion, was the sheriff of Manitowoc county; that the property in controversy was then the property of the plaintiff and one Maiboom, as partners; that a writ of attachment against plaintiff and Maiboom was duly issued by a justice of the peace, and placed in the hands of defendant for service; that he seized the property by virtue of such writ; and that he afterwards sold the same by virtue of an execution issued on a judgment duly recovered against the plaintiff and Maiboom in the action in which the writ of attachment issued.

On the trial, the plaintiff claimed that he was the sole owner of the property; that it was exempt from execution; that he demanded it of the defendant after seizure, as exempt property; and that it was of the value stated in the complaint. The defendant claimed that the property belonged to the plaintiff and Maiboom, as partners, and that the partnership interest therein was never severed so as to subject it to any exemption right; also, that the plaintiff did not claim it under the ex-

emption law, but only demanded it generally, without stating the grounds of his demand.

The opinion contains a sufficient statement of the testimony, and the rulings of the court on objections thereto.

The court refused to give certain instructions, proposed on behalf of the defendant, submitting to the jury the questions whether the plaintiff and Maiboom were partners, and the owners of the property in controversy when the defendant seized it, and whether, although there may have been a dissolution before that time, such dissolution was not conditional and inoperative to divest Maiboom of his interest in the partnership assets.

The court submitted the following questions to the jury: "*First.* When *Fick* demanded the property of *Mulholland*, after he had levied upon it, did *Fick* state to him why he demanded and wanted the property?" The jury answered, "He did." "*Second.* If you answer that he did, state the reason he gave *Mulholland* for making the demand." The jury answered, "Because it was his property."

When the verdict was returned, the following proceedings were had: "By the Court: 'That will not do, gentlemen; that is not an answer to one of the questions. The question is, If you answer that he did, state the reason he gave *Mr. Mulholland* for making the demand. Do you mean to say, by that answer, that that was the only reason he gave?' By a juror: 'That is the only reason we could find.' The court: 'The answer is, Because it was his property. If you mean to say by that, Because it was his property, and for no other reason, then I think, perhaps, that you find that that was the only reason. You should make it a little more definite and certain, that is all, so that there can be no question about entering a verdict on it; and I think I shall send you out and let you make that answer more definite. If you mean to say it was because it was his property and that was the only reason, say that was the only reason.'

" To the giving of which said charge the defendant excepted. Thereupon the jury retired, and afterwards returned the following addition to their previous answer to the second question, viz.: ' And he wanted it to support his family.' "

No general verdict was returned. The court denied a motion for a new trial, and gave judgment for the plaintiff for the value of the property stated in the complaint, and interest. The defendant appealed from the judgment.

For the appellant, there was a brief by *Nash & Schmitz,* and oral argument by *Mr. Nash:*

1. There is no exemption to a partnership as such; and to entitle the partner individually to exemption, there must first be a severance *(Russell v. Lennon,* 39 Wis., 570; *Pond v. Kimball,* 101 Mass., 105; *Gaylord v. Imhoff,* 26 Ohio St., 317; *Bonsall v. Comly,* 44 Pa. St., 442); and the severance must be by consent of all; one partner alone cannot sever. *Burns v. Harris,* 67 N. C., 140. If the plaintiff, on dissolution of the partnership, agreed to take the property of the firm and pay the partnership debts, he held as trustee until that end was accomplished, and the property remained that of the copartnership. *People ex rel. Till v. Roy,* 3 Neb., 261; *Giddings v. Palmer,* 107 Mass., 269; *Matter of Shepard,* 3 Ben., 347; Parsons on Partn., 331, 393, 394. 2. The special verdict did not determine a single one of the issues raised by the pleadings, and the court erred in entering judgment thereon. *Eisemann v. Swan,* 6 Bosw., 668; *Du Bay v. Uline,* 6 Wis., 588; *Bates v. Wilbur,* 10 id., 416; *Child v. Child,* 13 id., 17; *Everit v. Walworth County Bank,* 13 id., 419; *Rose v. Tolley,* 15 id., 443; *Gorman' v. Ball,* 18 id., 24; *Appleton v. Barrett,* 22 id., 568; *Warner v. Hunt,* 30 id., 200. 3. The court erred in rejecting testimony as to a conversation between the defendant and plaintiff's copartner upon the subject of the partnership. The declarations and admissions of a partner are competent evidence against the parties, to prove the partnership. 2 Greenl. Ev., § 484, and cases there cited. 4. The jury

answered the second question submitted to them in a plain, direct manner, and it was error to send them out a second time, against defendant's objection, with a direction to find some further reason given by plaintiff for the demand; especially when one of the jurors informed the court that they had returned the only reason they were able to find. *Blesch v. C. & N. W. Railway Co.,* [*ante*, p. 168.]

For the respondent, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*. They contended that, whether the property in dispute was partnership property or not, the plaintiff could claim it as exempt. *Russell v. Lennon*, 39 Wis., 570; *Newton v. Howe*, 29 id., 531; *Stewart v. Brown*, 37 N. Y., 350; *Radcliff v. Wood*, 25 Barb., 52; *Hoyt v. Van Alstyne*, 15 id., 571; *Servanti v. Lusk*, 43 Cal., 238; *Howard v. Jones*, 50 Ala., 67; *Worman v. Giddey*, 30 Mich., 151; Thompson on Homesteads, etc., §§ 210, 211, 216. They further argued that the question of *demand* was the only one in dispute; and as the uncontradicted evidence proved the other facts necessary to entitle plaintiff to recover, judgment was properly rendered upon the special verdict. Uncontroverted or immaterial facts are not submitted to a jury. Wells on Questions of Law and Fact, § 21; *Hutchinson v. C. & N. W. Railway Co.*, 41 Wis., 541, 546; *McNarra v. Same*, id., 75; *Williams v. Porter*, id., 422.

LYON, J. The pleadings presented the following questions of fact for determination: *First.* Was the property in controversy, when seized, the sole property of the plaintiff, or was it the property of the firm consisting of the plaintiff and Maiboom? *Second.* Did the plaintiff demand the property as being exempt from seizure and sale under the attachment and execution? *Third.* What was the value of the property? The second question alone was submitted to the jury. By the rule asserted in *Hutchinson v. Railway Co.*, 41 Wis., 541, and

repeatedly applied since, the failure to submit the other questions of fact to the jury is not error unless the testimony bearing upon them is conflicting.

After careful examination of the testimony, we are unable to say that there is any conflict of proof. It satisfactorily appears that the plaintiff and Maiboom were partners in the brewing business before the property was seized, but that the copartnership was dissolved by mutual consent, and the property of the firm transferred to the plaintiff, a few days before the seizure, the plaintiff undertaking to pay the debts of the firm. One Blouquelle, a witness called by the defendant, testifies that he was present when the partners settled their matters, and gives the various items of account adjusted between them. His testimony is, that the price of the beer and hops in controversy was then agreed upon, and the amount charged to plaintiff in the settlement; that plaintiff agreed to pay certain debts of the firm, including that for which the attachment suit was brought; and that Maiboom thereupon went off, and had nothing more to do with the plaintiff after that time.

The defendant testified that he seized and sold the property on the faith of an assurance by Maiboom that there was no dissolution of the partnership until plaintiff should pay the debts of the firm. The plaintiff is not bound by the statements of Maiboom adverse to his interest, and made in his absence. The testimony is not within the rule that the admission of a partner in a matter of partnership concern is evidence against the firm; for here the existence of the alleged firm is denied, and the testimony was given for the purpose of proving the copartnership. The testimony of Maiboom's statements was not competent, and cannot be regarded as tending to prove the copartnership. Indeed, earlier in the trial the same testimony was offered, and the court very properly rejected it.

Blouquelle was the only witness who testified as to the terms of the settlement between the plaintiff and Maiboom; and we

think his testimony proves conclusively that the copartnership was dissolved, and the whole title to the property in controversy vested in the plaintiff before the seizure; and that the property was unaffected by any trust which deprived him of an exemption right therein.

According to these views, the instructions asked relating to the question of partnership were properly refused, and there was no occasion to submit the question to the jury.

As regards the value of the property, the plaintiff testified that the beer was worth five dollars per barrel and the hops eight cents per pound, when seized. Other witnesses testified that the beer was worth but three dollars per barrel when sold, and the evidence tended to show that it deteriorated in value after seizure. The value when seized rests upon the testimony of the plaintiff alone, which is uncontradicted. There was, therefore, nothing to submit to the jury on the question of value. A computation will show that the value for which judgment was given was less than that placed upon it by the plaintiff.

We think it was not error for the court to send the jury back to make their finding more specific. This is very common practice. The court was not satisfied with the answer to the second question, and required the jury to find whether the only reason plaintiff gave for demanding the property was that it was his property, and, if he gave any other reason, to find it. That is to say, the court regarded the finding as uncertain, and required the jury to make it certain. This the court may properly do.

The remark of a juror that they could find no other reason for the demand, is not significant. He could only speak for himself, and the fact that the jury found the plaintiff gave another reason therefor, proves merely that the juror changed his opinion. Besides, the verdict, as finally rendered, is abundantly sustained by the evidence. It also shows that the plaintiff substantially claimed the property as exempt.

Errors are assigned on the rulings of the court rejecting offered testimony. The more material of these rulings, if erroneous, were corrected by the subsequent admission of the rejected testimony. The others we regard unimportant.

We think the record discloses no error for which the judgment should be disturbed.

*By the Court.* — Judgment affirmed.