The State ex rel. The Town of White Oak Springs vs. Clementson.

THE STATE EX REL. THE TOWN OF WHITE OAK SPRINGS VS.
CLEMENTSON, Circuit Judge, and another.

*October 15 — November 1, 1887.*

*Mandamus: Reconsideration of verdict by jury.*

A jury may, if they see fit, after announcing a verdict and before
being discharged, change such verdict and render a different one.
Where they have made an omission or mistake in their verdict, or
it is so clearly wrong that it would be the duty of the presiding
judge to set it aside on motion and grant a new trial, as where it
gives mere nominal damages while the evidence shows that the
plaintiff is entitled to substantial damages, he may call the atten-
tion of the jury to the error, and return the verdict to them for
correction; but if they are finally unable to agree, the judge and
clerk cannot be compelled by *mandamus* to receive and enter the
verdict first brought in, and enter a judgment thereon.

APPEAL from the Circuit Court for *La Fayette* County.
The following statement of the case was prepared by Mr.
Justice TAYLOR as part of the opinion:

This is a proceeding by *mandamus* issued out of this court
on the petition of the said town against the judge and clerk of
the circuit court of La Fayette county, to compel said judge
to direct the clerk to enter judgment, and the clerk to enter
judgment upon a verdict of the jury, which it is alleged was
returned by said jury to said court on the trial of an action
in which Susannah March was plaintiff and said town was
defendant.

The petition sets forth, in substance, that one Susannah
March commenced an action about the 11th day of May,
1886, in the circuit court of the county of La Fayette,
against said town of *White Oak Springs* in said county, to
recover damages for an injury to her person, alleged to
have been caused by reason of the insufficiency of a certain
highway in said town. The petition then sets out a copy
of the complaint in said action, and the answer of the de-

fendant. The complaint alleges, in substance, that the plaintiff was thrown from her buggy while driving along a certain highway in said town, and was injured; that her left arm was broken, and she was also injured about the head. It alleges a defect in the highway as the cause of the injury, and claims damages in the sum of $1,500. The answer denies that the highway was insufficient or out of repair at the time and place alleged in the complaint; denies all the other material allegations of the complaint, and alleges that if the plaintiff was thrown from her wagon and injured while traveling upon said highway in said town, it was caused by her own neglect and want of care, and not by any defect or insufficiency of said highway.

The petition then alleges that said action came on for trial, and was tried in said circuit court before the court and a jury, and sets out at length the charges of the court to the jury in such action. It further shows that upon said trial the following questions were submitted to the jury for them to answer, but not as a special verdict: "(1) Was the highway at the place of the accident in a reasonably safe condition to accommodate the customary travel passing over it? *Answer.* No. (2) Was the team John March was driving at the time of the accident an ordinarily safe team? *A.* Yes. (3) Was John March driving in an ordinarily careful manner, under all the circumstances, at the time of the accident? *A.* Yes. (4) Was the plaintiff, at the time of the accident, exercising ordinary care? *A.* Yes. (5) At what sum, if you find for the plaintiff, do you assess the damages that she is entitled to recover for past pain and suffering? *A.* One dollar. (6) At what sum, if anything, if you find for the plaintiff, do you assess the damages that the plaintiff is entitled to recover for future pain? *A.* $0."

The petition further shows that when the jury had been instructed by the court, they retired to consider upon this verdict, and after having remained out for a considerable

length of time, returned into court, and being asked if they had agreed upon their verdict, they replied that they had, and handed to the clerk or judge the questions submitted to them, answered as above indicated, and also the following general verdict: " We, the jury, find for the plaintiff, and assess her damages at $1;" that the judge, after reading the verdict, then said to the jury: " Gentlemen, this is not a verdict that will stand in the law. If I should receive this verdict, and the plaintiff appealed to the supreme court, this verdict would not stand. If the plaintiff is entitled to recover anything, she is entitled to recover more than you have found. I do not say how much, but something substantial; more than nominal damages. It is not my duty to receive this verdict. You may retire for one hour, and if at that time you are unable to agree, I will discharge you." That the verdict with the questions and answers were returned to the jury by the court, and thereupon the jury again retired to their room. To the action of the court in making this statement to the jury, and in refusing to receive the said verdict, and have the same entered, and in directing and permitting the jury to again retire to consider a verdict, the defendant's counsel objected and excepted, and then insisted to the court that the verdict as returned by the jury should be received, entered, and filed, and the jury be discharged from the further consideration of the case, all of which the court refused against the objection and exception of the defendant's counsel; that thereupon the jury again retired, and remained in their room until 12 o'clock, noon, unable to agree on any other verdict than as above set forth, and they handed such verdict and such questions and answers to the clerk, and they were duly filed on that day by the clerk, and the jury was discharged. That the defendant demanded of the clerk that he enter such verdict in the minutes of the court, which the said clerk refused to do, and still refuses; and that said clerk was

directed by the judge of said court not to enter the said verdict, and, in fact, said verdict and the answers to said questions have not been entered in the minutes of the court, and that no judgment has been rendered or entered in said action.

The petition further alleges that on the 28th day of May, 1886, the defendant town, by its counsel, prepared and presented to the clerk of said court, George F. West, a judgment in said action upon said verdict, and demanded that the said clerk should file and enter said judgment in said action, and that he also enter said verdict, and tendered him his fees for so doing, and all his other fees in said action; that said clerk refused to enter said verdict, or file or enter said judgment in the action; and further alleges that the Hon. GEORGE CLEMENTSON, the circuit judge, refused to permit said verdict or judgment to be entered in said action. The petition gives a copy of the judgment presented for entry, which would be a proper judgment in form, to be entered upon the verdict as reported by the jury, when they came into court, and reported they had agreed upon their verdict. The prayer of the petition is for an alternative writ of *mandamus* commanding the said GEORGE CLEMENTSON, the circuit judge, and George F. West, the clerk of said court, to receive said verdict, and make proper entries in the minutes of said court, of the said verdict of said jury, and of the said questions and answers, and to enter a judgment upon said verdict in said action, upon and in accordance with said verdict. An alternative writ was issued as prayed for in the petition.

The Hon. GEORGE CLEMENTSON, circuit judge, and the clerk of said court, each made a return to said writ. These returns admit the allegations of the petition of the relator as to the pendency of the action between Susannah March against the said town of *White Oak Springs*, the object of said action, and the proceedings taken therein, up to the

time the jury returned into court and reported that they had agreed, and handed to the clerk the questions and answers by them, together with a general verdict for the plaintiff, assessing her damages at $1. As to what the court said to the jury at that time, and the action of the jury thereafter, is stated in the return of the circuit judge, as follows: The circuit judge in his return, after stating at considerable length what instructions were given to the jury, and the difficulty the jury seemed to have in arriving at a verdict, before they presented the verdict in question, admits that at the time alleged in the petition the jury came into court, and upon being interrogated as to whether they had agreed upon the verdict, replied that they had, and then handed to the clerk the questions submitted to them, with their answers to the same, together with their general verdict, as stated in said petition. He then sets out at length what he said to the jury upon their presenting such verdict, as follows: "Gentlemen, this verdict is not a verdict that will stand in the law. If I should receive this verdict, and the plaintiff appealed the case, the supreme court would reverse it and send it back, because they would say that if that woman was entitled to recover anything, she was entitled to recover something that was not simply nominal. I don't know that you can agree in this case, but it would be simply useless to receive this verdict. If you find that the plaintiff is entitled to receive anything at all, you will have to find that she is entitled to something substantial. The amount you have named in this verdict is simply nominal, and it will be my duty to return it to you, and request you to consider it further. I will send you out for one hour longer, gentlemen, and if you do not agree I will discharge you." These remarks and the whole proceeding were objected to by the defendant. The judge then says the verdict, the questions, and the instructions of the court, were returned to the jury, and

they again retired. He then stated that the jury remained out until 12 o'clock M., when they were again brought into court, and after having been regularly called, and all answering to their names, the court asked them if they had agreed upon a verdict. The foreman replied that they had not. They were then asked if there was any prospect of their agreeing, and the reply was in the negative, and thereupon the court, without objection by any, one, discharged them from the further consideration of the case.

The return of the judge also denies that, when the jury returned into court the last time, they announced that they were unable to agree upon any other verdict, and any other answers to said questions, than such as they had brought in about the hour of 10, as aforesaid; but, on the contrary, alleges the fact to be that after being sent out at the hour last named, the jury did not, at any time before they were discharged, state to the court that they had agreed upon the same verdict or any other verdict, but that they stated that they could not agree, and thereupon were discharged. The circuit judge further returns that when the said jury were brought into court the last time, at 12 o'clock, they brought back with them the instructions of the court, said questions, and said verdict that had been returned to them when they were last sent out, but they brought them back merely as papers placed in their care to be returned to the court with all papers in their hands connected with the case, as they knew from their experience as jurors should be done. He admits that after the jury were discharged, the defendant's attorneys demanded of the court that the verdict that the jury had offered at 10 o'clock be entered as the verdict in the case, and that he refused the demand, and directed the clerk to enter in his minutes that the jury disagreed and were discharged; but to file the instructions, questions, and answers, and said paper purporting to be a verdict, with the other papers in the case.

The State ex rel. The Town of White Oak Springs vs. Clementson.

The clerk in his return admits that the attorneys for the defendant town presented a judgment, and demanded that he sign and file the same, as alleged in the petition, and that he refused to do as demanded.

The circuit judge also alleges in his return that the uncontradicted testimony in the case proved that the plaintiff was thrown from the buggy in which she was riding at the place in the highway alleged in the complaint; that by her fall her wrist was broken, and that thereby for a considerable length of time she had suffered great pain. Her own testimony tended to show that she had not fully recovered at the time of the trial, and that she still, at times, suffered pain on account of the injury, and that no testimony in the case tended to contradict her testimony upon this point.

The relator demurred to the several returns of the respondents. The case is therefore to be heard upon the theory that the allegations in the returns are true.

For the relator there was a brief by *Orton & Osborn*, and oral argument by *C. F. Osborn*. They contended that the verdict in this case was in due form and passed upon all the issues. For the judge to refuse to receive a verdict which was not in some respect mistaken or defective, and send the jury out to reconsider it, was an unauthorized assumption of power. *High v. Johnson*, 28 Wis. 72; *Chaffee v. Pease*, 10 Allen, 537; *Douglass v. Tousey*, 2 Wend. 352; *Pritchard v. Hennessey*, 1 Gray, 294; *Urbanek v. C., M. & St. P. R Co.* 47 Wis. 67; *Schweitzer v. Connor*, 57 id. 182; *Fick v. Mulholland*, 48 id. 413; *Warner v. N. Y. Cent. R. Co*, 52 N. Y. 437; *Mason v. Massa*, 122 Mass. 477, 480; *Brown v. Dean*, 123 id. 254–267; Abbott's Trial Brief, 183, 184; 3 Graham & Waterman on New Trials, 1404; Proffatt on Jury Trial, sec. 457; Wells on Questions of Law and Fact, sec. 40; *State v. Ostrander*, 30 Mo. 12–20; *Marquard v. Wheeler*, 52 Cal. 445; *Blesch v. C. & N. W. R. Co.* 48 Wis. 168; *Brown v. Jones*, 5 Nev. 374; *Brush v. Kohn*, 9 Bosw. 590; *Annas v. Mil. &*

*N. R. Co.* 67 Wis. 47; *Hine v. Robbins,* 8 Conn. 344. *Mandamus* will lie to compel the entry of a judgment on a valid verdict, which the court has, without authority, set aside. *Lloyd v. Brinck,* 35 Tex. 1; High on Ex. Leg. Rem. (1st ed.) secs. 235, 236, 249; *Cortleyou v. Ten Eyck,* 22 N. J. 45; *Life & F. Ins. Co. v. Wilson Heirs,* 8 Pet. 291; *Russell v. Elliott,* 2 Cal. 245; *State ex rel. Webster v. Knight,* 46 Mo. 83.

For the respondent the cause was submitted on the brief of *P. B. & J. B. Simpson.*

TAYLOR, J. Taking the allegations in the return of the circuit judge as a correct statement of what took place on the trial, it is very clear to us that there has been no verdict rendered in the action upon which any judgment could be entered. If, after the judge had requested the jury to retire and consider further upon their verdict, they had returned into court and stated, as is alleged in the petition of the relator, that they could not agree upon any other verdict than that which they had before handed to the clerk as their verdict, and then returned the papers to the court in the same condition as before, that would present a question not raised upon this demurrer; but if after being requested to retire and further consider their verdict, they retired, and, when they finally came into court, stated that they could not agree upon any verdict, and were thereupon discharged from any further consideration of the case, it is very clear to us that they receded from their verdict as first handed to the clerk, and that their final action was a disagreement, and so there is no verdict in the case upon which any judgment can be entered.

All the authorities hold that a jury may, after announcing a verdict, if they see fit before they are discharged, change the same and render a different verdict. And in many cases, where the jury have manifestly made an omis-

sion or mistake in their verdict, it is the duty of the presiding judge to call their attention to that fact, and return it to the jury for correction.   See *High v. Johnson*, 28 Wis. 72–80; *Fick v. Mulholland*, 48 Wis. 413–419; *Schweitzer v. Connor*, 57 Wis. 177–182; *Blackley v. Sheldon*, 7 Johns. 32; *Labar v. Koplin*, 4 N. Y. 550; *Root v. Sherwood*, 6 Johns. 68; *Tyrrell v. Lockhart*, 3 Blackf. 136; *Smith v. Williams*, 22 Ill. 357; *Tifield v. Adams*, 3 Iowa, 487; *Maclin v. Bloom*, 54 Miss. 365; *McRae v. State*, 4 S. W. Rep. (Ark.) 758; *Goodwin v. Appleton*, 22 Me. 453; *Nining v. Knox*, 8 Minn. 149; *Bell v. Hutchinson*, 2 McCord, 409; *Smith v. Keels*, 15 Rich. 318; *Edelen v. Thompson*, 2 Har. & G. 31, and numerous other cases.   These cases show the power of the court as well as the jury over their verdict, and that the verdict which binds all parties is that at which the jury finally arrive and deliver to the court.

The question in this case is not whether the court committed any error in calling the attention of the jury to what appeared to him to be an inconsistency in their verdict, and requesting them to reconsider it, or in the other remarks he made to them at that time.   That question might have arisen in the case if the jury had afterwards returned a verdict in favor of the plaintiff for such damages as were satisfactory to her, and judgment had been entered in her favor upon such new verdict, upon an appeal from such judgment by the defendant; but the jury having silently acquiesced in the request of the court to reconsider their verdict, and afterwards having declared that they were unable to agree upon any verdict, it cannot be said that their final conclusion in the case was that expressed in the verdict they had before presented to the court.

It is very clear to us that if the undisputed evidence was as the circuit judge in his return states it, then the verdict was clearly wrong, and it would have been the duty of the

court to have set it aside and granted a new trial, if he had received it as their verdict. See *Emmons v. Sheldon*, 26 Wis. 648; *Templeton v. Graves*, 59 Wis. 95, 102.

By returning the verdict to the jury for further consideration, the jury have themselves, by a final failure to agree upon any verdict, accomplished the same result as would have been accomplished by receiving it, and then setting it aside and granting a new trial. Under the evidence in the case, it is very clear it was not a case for merely nominal damages. The verdict was very nearly as perverse as though the jury, after having found all the facts which entitled the plaintiff to a verdict, had found for the defendant. The consequences of the verdict first found by the jury were about the same. If judgment had been entered on it, she would have recovered one dollar damages, and the defendant would have been entitled to recover the costs of the action against her. Secs. 2918, 2920, R. S. The answer does not show that the relator is entitled to the relief asked for.

*By the Court.*— The demurrers to the answers of the respondents are overruled.