WIGHTMAN, Respondent, vs. THE CHICAGO & NORTHWESTERN
RAILWAY COMPANY, Appellant.

*November 17 — December 4, 1888.*

*(1) Practice: Special verdict: Inconsistent findings: Directing jury to consult further: Polling the jury. (2, 3) Railroads: Round-trip tickets: Accidental separation of parts: Wrongful ejection of passenger: Damages.*

1. Where the findings of a special verdict upon the subject of damages are inconsistent and manifestly made under a misapprehension of the instructions, the court may decline to receive the verdict and, after explaining the instructions previously given, direct the jury to retire for further consultation; and a request that the jury be polled before they so retire may be denied.

2. A round-trip railroad ticket, punctured for separation into two parts, and having on the "going" part the words "Not good for passage," and, on a line therewith, on the "returning" part the words "if detached," is nevertheless good for passage where the parts have become separated by accident, if both parts are in good faith presented to the conductor on the outward trip.

3. A verdict for $299.54 damages for injury to the feelings of a passenger wrongfully ejected from a railroad train and called a liar by the conductor, is *held* not excessive.

APPEAL from the Circuit Court for *Juneau* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

It appears from the pleadings, and is admitted, that April 15, 1886, the plaintiff purchased of the defendant at its depot in Elroy, and paid for, what is known as a "round-trip ticket" from Elroy to Wonewoc and return; that one half of said ticket was white, and upon that half were the words and figures: "R. T.— Going.  Elroy to Wonewoc, 9-8-86, 2563.  Not good for passage;" and the other half of the ticket was red, and upon that were the words and figures: "2563, C. & N. W. R'y.  R. T.— Returning.  Wonewoc to Elroy.  W. A. Thrall, Gen'l Ticket Agt. if detached."

The words "Not good for passage" were on a line with the words "if detached." It is also conceded that July 26, 1886, the plaintiff, at Elroy, boarded one of the defendant's way freight trains with a caboose attached for passengers to ride in, then on its way southerly through Wonewoc; that, after said train started from Elroy with the plaintiff on board, the conductor in charge demanded fare of the plaintiff, who thereupon tendered the conductor the ticket mentioned, which the conductor refused to receive; that upon the plaintiff's refusal to pay fare the conductor stopped the train and caused the same to be run back to Elroy station, where the plaintiff was compelled to leave the train. This action is for damages by reason of such expulsion. The following rules of the defendant, in force at the time of the occurrence, are in evidence: "Rule 46. Passengers must not be ejected from the cars for any cause except at a station. Use no unnecessary force. Rule 47. Wood or construction trains must in no case carry passengers. *Freight trains must not carry passengers without tickets.*" The evidence is in conflict as to whether the plaintiff presented to the conductor the red half of the ticket, as well as the white half, when he first demanded fare, or not until after the train was stopped; and also as to some of the facts and circumstances attending such refusal of the conductor to receive the ticket, the refusal of the plaintiff to pay fare, and the ejecting of the plaintiff from the train.

At the close of the trial the jury returned a special verdict, to the effect (1) that the plaintiff had "the round-trip ticket from Elroy to Wonewoc and return given in evidence, No. 2563," on July 26, 1886, and above described; (2) that the plaintiff on that day entered the caboose of the defendant's freight train, which carried passengers, at Elroy, for the purpose of being carried therein from Elroy to Wonewoc on said ticket; (3, 4) that said ticket was broken apart

and separated at the place where punctured for the purpose of separation, before it was offered to the conductor for passage, (5, 6) but not by or with any carelessness or negligence of or on the part of the plaintiff; (7) that when the conductor first came to the plaintiff to collect his fare the plaintiff produced and exhibited to him both the going and returning part of said ticket, (8) and not the going part only; (9) that the plaintiff did not omit to produce and exhibit to the conductor both parts of said ticket until after the conductor had stopped the train to back up to Elroy; (10) that the plaintiff left the train by order of the conductor; (11) that the conductor refused to carry the plaintiff on said ticket, because it was not a good and valid ticket, (12) through an unintentional mistake on his part as to its validity; (13) that the plaintiff still holds said ticket, and both parts thereof, without having offered to return them to the defendant; (14) that the conductor called the plaintiff a liar before the plaintiff called him a liar; (15) that the plaintiff's damages are assessed at $300; (16) that in estimating such damages they gave him $299.54 for injury to his feelings. Thereupon the court ordered judgment for the plaintiff upon said special verdict for the sum of $299.60, being the amount of damages assessed by the jury, less the sum of forty cents paid for the ticket, for which the court held that the plaintiff was not entitled to recover in this action. From the judgment entered thereupon accordingly the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *C. H. Van Alstine.* They contended, *inter alia,* that the company had the right to make proper rules and regulations respecting the use of the round-trip tickets which the statute required it to sell at a lower rate than that which it might charge for one-way tickets. The rule of which plain notice was given in the words "Not good for passage if detached,"

was a reasonable one, and was essential to prevent the abuse of such tickets. The ticket could be kept intact without inconvenience. Rules which frequently occasion much annoyance and inconvenience have been declared reasonable: Requiring passengers to pay a greater sum for fare if paid on the cars than when paid at the depot. *Toledo, W. & W. R. Co. v. Wright*, 68 Ind. 586; *Railroad Co. v. Skillman*, 39 Ohio St. 444; *Swan v. M. & L. R. Co.* 132 Mass. 116. Requiring all passengers on freight trains to provide themselves with freight-train tickets containing a stipulation whereby they waived all damages for injuries occurring through ordinary negligence. *Arnold v. I. C. R. Co.* 83 Ill. 273, 276–7. Prohibiting conductors of freight trains from carrying passengers who have not previously procured a specified kind of ticket. *Falkner v. O. & M. R. Co.* 55 Ind. 369. Requiring conductors to eject passengers who are without tickets, although they tender the fare. *Lane v. E. T., V. & G. R. Co.* 5 Lea (Tenn.), 124. Requiring passengers to procure from the conductor stop-over tickets if they desire to stop over at intermediate stations and then resume their journey. *Yorton v. M., L. S. & W. R. Co.* 54 Wis. 234. Providing that through trains shall not stop at certain stations. *Plott v. C. & N. W. R. Co.* 63 Wis. 511. But the question of reasonableness of regulation does not arise here, because the words "Not good for passage if detached" were a part of the contract between the parties. *Rawitzky v. L. & N. R. Co.* 31 Am. & Eng. R. Cas. 131, 132; *Norfolk & W. R. Co. v. Wysor*, 26 id. 234; *Boston & M. R. Co. v. Chipman*, 146 Mass. 107; *De Lucas v. N. O. & C. R. Co.* 38 La. Ann. 930.

The refusal to permit the defendant to poll the jury was error for which the verdict should be set aside. *Smith v. State*, 51 Wis. 620; *Webster v. McKinster*, 1 Pin. 644; *State v. Austin*, 6 Wis. 205; *Ruthbauer v. State*, 22 id. 468; *Labar v. Koplin*, 4 N. Y. 547. The request that the jury be polled

was made at the proper time. *Fox v. Smith*, 3 Cow. 24; *Crotty v. Wyatt*, 3 Bradw. 388; *Warner v. N. Y. C. R. Co.* 52 N. Y. 440.

Assuming that the ticket presented was valid, there was reasonable ground for dispute as to its validity, and the respondent, though able to purchase tickets, absolutely refused to do so. Under these circumstances he was not entitled to damages for wounded feelings. *Gibson v. E. T., V. & G. R. Co.* 30 Fed. Rep. 904; *Hall v. M. & C. R. Co.* 15 id. 57. If he was entitled to such damages, the amount awarded was clearly excessive. *Hughes v. Western R. Co.* 61 Ga. 131; *Pearson v. Duane*, 4 Wall. 605; *Quigley v. C. P. R. Co.* 5 Sawy. 107; *Tarbell v. C. P. R. Co.* 34 Cal. 616.

For the respondent there was a brief by *F. S. Veeder*, *Duane Mowry*, and *B. C. Smith*, and oral argument by *Mr. Veeder*.

CASSODAY, J. When the jury first announced their verdict, the answer to the fifteenth question was $300, and the answer to the sixteenth question was, in effect, nothing, instead of the amounts above stated. The court thereupon intimated to the jury that such findings were inconsistent with themselves; that the jury had failed to observe the instructions of the court; that by reason thereof they were at liberty to go to their room for further consultation; that if they meant to answer as they had indicated, then, when they came in, they should say so. Thereupon the counsel for the defendant asked to have the jury polled, to see if that was in fact their verdict; but the court declined, for the time being, to receive such verdict, until the jury should go to their room for consultation. The court thereupon indicated the nature of some of the instructions which had previously been given to them; that no opinion had been intimated to them as to whether they should find

anything for injury to feelings or not; that that question was left entirely to them. The defendant's counsel thereupon requested the court to receive and record such verdict, which was refused, and the jury thereupon retired for further consultation. Upon returning into court they answered the fifteenth question, forty-six cents, and the sixteenth, $300; and thereupon the court, for the same reasons, again refused to receive said verdict, and ordered the jury to again retire for further consultation, which they did; and thereupon they again returned into court with the verdict complete and substantially as found in the above statement of facts; and the same was thereupon received by the court and entered of record. The jury had been told in the general charge, in effect, that if they found for the plaintiff and that he was entitled to damages for injury to his feelings, then in answering the fifteenth question they should state the total amount of damages allowed,— as for loss of time, which should be "simply nominal,— six cents," and damages for injury to his feelings, and the amount he paid for the ticket, in one general sum; and then, in answer to the sixteenth question, that they should "state what damages," if any, "he suffered for injury to his feelings." It is manifest that the jury misapprehended these instructions until their last consultation. The learned trial judge scrupulously avoided anything like dictation as to whether the jury should find in favor of the one party or the other upon any of those items, but merely insisted upon having the questions submitted determined by the jury with a correct understanding of the instructions which had been given to them on that subject. Such action was manifestly within the province of the court. *Fick v. Mulholland*, 48 Wis. 419; *State ex rel. White Oak Springs v. Clementson*, 69 Wis. 628; *McMahan v. McMahan*, 53 Am. Dec. 482; *State v. Overton*, 61 Am. Dec. 671; The Work of

the Advocate, 676, and cases there cited. The request to poll the jury was before the verdict was thus perfected, and hence, as a peremptory right, was premature.

The several findings of the jury are all supported by the evidence. A railway company may, undoubtedly, make reasonable regulations for the safe and orderly conduct of its business, and to protect itself against impositions. *Plott v. C. & N. W. R. Co.* 63 Wis. 511; *Mosher v. St. L., I. M. & S. R. Co.* 127 U. S. 390; 2 Am. & Eng. Ency. Law, 759. But this does not authorize such company, under the guise of regulations, to abridge or impair a passenger's statutory or legal rights. The statute required the defendant, upon application " at its ticket station " in Elroy, and payment of the price, to sell to the plaintiff " round-trip tickets, good for first-class passengers " from that station to Wonewoc and return. Sec. 1803, R. S. It stands confessed that the defendant did so sell and deliver to the plaintiff the ticket in question upon such application, payment, and purchase. It is, moreover, confessed that such ticket, in the condition it was at the time of purchase, entitled the plaintiff at the time and place he did to board the train in question and ride thereon to Wonewoc, and thereafter to return therefrom to Elroy by any train stopping at those stations and carrying such first-class passengers. The only defense to this action for expelling the plaintiff from the train is the fact, as found by the jury, that the white portion of the ticket was broken apart and separated from the red portion, without any carelessness or negligence of or on the part of the plaintiff, at the place where punctured for that purpose, before it was offered to the conductor for passage. But the respective parts of the ticket were numbered alike, and each contained the letters " R. T.,"— the one having thereon, " Going. Elroy to Wonewoc; " and the other, " Returning. Wonewoc to Elroy." The jury, moreover, found that both parts of the ticket were produced by the plaintiff and ex-

hibited to the conductor when he first came to the plaintiff to collect his fare, and that the plaintiff still held both parts of the ticket. Manifestly the two parts of the ticket belonged together and had formerly been attached to each other. The plaintiff appears to have been unable to account for their separation, except that he had carried the ticket in his pocket for some months. The ticket was "punctured for the purpose of separation;" and, of course, with the expectation that it would be separated when first used. It is claimed, however, that the words "Not good for passage," on the going part of the ticket, and the words "if detached," on the returning part of the ticket, were, together, in effect, a stipulation that the ticket should be deemed forfeited if such parts should be separated *by any other person than the conductor.* But such are not the words of the contract, and if such is to be deemed its legal effect then it is because such stipulation is to be implied from the words employed. Had the going part of the ticket *alone* been presented to the conductor, there might have been some force in the argument; for to allow that part *alone* to be used, unaccompanied by the other part, would have the effect to convert this "round-trip ticket" into two separate single-trip tickets, to be used promiscuously. That would permit the returning part to be used before the going part, and hence give to the holder a right not secured by the statute. The words "Not good for passage — if detached" would seem to have been so placed upon the ticket to prevent imposition by a separation of the parts and the use of each as a single-trip ticket. But where such parts of the ticket become separated by such inadvertence, and are then in good faith both presented together and at the same time to the same conductor on the going trip, the purpose of such words would seem to be as fully attained as though the two parts of the ticket had not previously been separated. In other words, the presentation to the conductor

of the two parts of the ticket, under the circumstances found, is the same, in legal effect, as though such parts had not been detached when so presented.

It is to be remembered that the ticket was the mere evidence of the contract of carriage, and that such evidence consisted of two parts designed for separation. To imply such forfeiture of the contract from such mere inadvertent separation, under the circumstances found, when no word, letter, or figure on either part of the ticket was thereby obliterated, and when no perceivable injury to the defendant could result therefrom, would be to destroy a statutory right upon the merest technicality and in the absence of a clearly expressed stipulation to that effect. Even a strict literalism is not to be so rigidly enforced as to defeat the manifest purpose of a contract under a statute. Whether a different rule should prevail where the passenger wilfully, and against the protest of the conductor, separates the coupons or parts of a ticket, as in some of the cases cited, need not be here considered.

It follows that, upon the facts found, we must hold the defendant liable. Upon the whole record, and the repeated rulings of this court, we cannot say that the damages are excessive.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 40 N. W. Rep. 693.— REP.