THE STATE, Appellant, vs. WOLFRUM, Respondent.

*October 6 — October 23, 1894.*

*Taxation: False statement of property: Penalty: Verdict.*

In an action for the penalty prescribed by sec. 1, ch. 381, Laws of 1889, for intentionally making a false statement of property to the board of review for the purpose of avoiding payment of the just taxes thereon, a verdict finding "the defendant guilty, not crimanly, but negligently, in not returning to the board of review in the sum of $4,125, making the penalty $410," is *held* to pass sufficiently upon all the issues, and to be, in effect, a verdict for the defendant.

APPEAL from the Circuit Court for *Washington* County.

This is an action brought in the circuit court to recover the forfeiture provided by sec. 1, ch. 381, Laws of 1889, on

the claim that the defendant had intentionally made a false statement to the board of review of his assessment district, for the purpose of avoiding his just share of taxes. The statute under which the action was brought is as follows:

"Section 1. Any person, firm or corporation in this state owning or holding personal property of any nature or description, individually or as agent, trustee, guardian, administrator or receiver, which property is subject to assessment and not exempted as otherwise provided, who shall at the time when the assessment is made in any one year, intentionally make a false statement to the assessor of his respective assessment district or to the board of review thereof, for the purpose of avoiding the payment of the just and proportionate taxes thereon, shall, upon conviction thereof, forfeit the sum of ten dollars for every one hundred dollars or major fraction thereof so withheld from the knowledge of the assessor and the statement so made in any one year."

The case was tried by a jury, and resulted in a verdict in the following words: "This jurors find the defendant guilty, not crimanly, but negligently, in not returning to the board of review in the sum of $4,125, making the penalty $410, as this jury agree." On this verdict the court entered a judgment in favor of the defendant. From this judgment the plaintiff appeals.

*P. O'Meara*, for the appellant.

For the respondent there was a brief by *Barney & Kuechenmeister*, and oral argument by *S. S. Barney*.

NEWMAN, J. The questions are whether this verdict passed substantially on all the issues in the action, and is a verdict for the defendant. If it does pass substantially on all the issues and is for the defendant, then the judgment is right and must be affirmed; otherwise, it is a mistrial and a new trial must be had.

What the defendant was accused of was the making of a false statement of the property in his hands subject to assessment, intentionally, for the purpose of avoiding the payment of the just and proportionate taxes thereon. The action is penal. The case must be fully shown to be within the statute. No presumptions or intendments aid it. The question arises on the verdict. To sustain the action, the jury must find the gravamen of the charge against the defendant. The gravamen of the charge is the intention with which the act was done. The verdict is, in effect, a special verdict. The jury finds and reports the facts to the court. The court applies the law to the facts found by the jury. What the jury meant by their verdict may not be clearly evident. So the verdict is to be construed. The office of construction is to ascertain what the jury meant. They say the defendant is "guilty." Without more, that would mean guilty of the whole matter charged. But the jury say more. They explain what they mean by saying "guilty." They say "not criminally, but negligently." This seems to mean that the jury find his act in making the false statement was not prompted by a criminal purpose, but was done with too little care to insure accuracy. The law does not exact its penalty simply for the use of too little care — that is, for negligence — in making the statement, but only for a statement made intentionally false. The statute, being penal, requires a strict construction. So the verdict is construed to mean that the jury find that the defendant did not make the statement false intentionally, but that its falsity resulted from his bestowing upon its making too little care to insure accuracy. They find affirmatively that the element which was the gravamen of the charge did not exist.

The verdict passes sufficiently upon all the issues, and is, in effect, for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.