GEORGE W. FAIRFIELD v. LOUISVILLE & NASHVILLE RAILROAD
COMPANY.

[48 South. 513.]

1. RAILROADS. *Failure to receive passenger. Pleadings. Issue. In-
structions.*

In a suit against a railroad company for refusing to receive a pas-
senger, the only defense pleaded or otherwise made being that
the train was already full when plaintiff demanded carriage, it is
error to instruct the jury that plaintiff cannot recover because
of defects in her ticket or evidence of right to transportation.

2. SAME. *Passengers. Coupon ticket. "Void if detached" provision on.*
A condition on a railroad coupon ticket, that the coupons are "void
if detached" must be reasonably construed to prevent injustice,
and the holder cannot be denied passage merely because the
coupon has been inadvertently detached, if both parts are pre-
sented and it can be seen by inspection that they correspond.

3. HARMLESS ERROR. *Appeal. Instruction.*
Erroneous instructions on the measure of damages are harmless
where the jury find that there is no liability.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Mrs. Fairfield, appellant, was plaintiff in the court below;
the railroad company, appellee, was defendant there. From
a judgment in defendant's favor plaintiff appealed to the su-
preme court.

The suit was for damages alleged to have been caused by the
action of defendant's servant, a gateman, in New Orleans, in
denying plaintiff admission to defendant's train which she de-
sired to take for her home, at Pass Christian, Mississippi. The
other facts are sufficiently stated in the opinion of the court.

*Rucks Yerger* and *Barrett & Taylor,* for appellant.

The uncontradicted evidence shows that there was abundant
seat space in the train when plaintiff first presented the ticket
and at no time was she refused admission for the reason that
there was not sufficient seating capacity to accommodate her.
The gateman was evidently in error, probably he made a mistake
at first; and, as some small men, clothed with temporary author-
ity, sometimes are, probably became obstinate and would not
admit his mistake. In any event, it was clearly his duty to
have explained to appellant that she was at the wrong gate, if
such was the case, which the evidence does not show, and he
did not perform his duty.

Instructions 15 and 16 for the defendant are erroneous, mis-
leading the jury, for while the ticket book when presented to
the jury may have been fastened together by a metal clamp,

still the tickets fastened to the book showed the same number and even though they might have been detached from the original fastening, when the ticket and the cover were presented at the same time plaintiff was entitled to passage thereon. See *Wightman v. C. & N. W. R. R. Co.*, 2 L. R. A. 185, and foot notes, 9 Am. Rep. 778, also *Pa. R'y Co. v. Bray*, 25 N. E. 441.

The rule of the company to refuse tickets if detached is only valid because of its reasonableness, and if the book, the original cover, and the ticket itself or coupon are presented together, showing that they belonged together and are parts of the whole and would together make a whole, then the reason for the rule fails, and to extend it to deny the holder passage under such circumstances would be a gross hardship, an arbitrary act on the part of the railroad company without reason, and such an expansion of the rule would avoid the very rule itself for unreasonableness.

*Gregory L. Smith* and *Harry T. Smith,* for appellee.

It is clear, we think, that the burden was upon the plaintiff to prove the allegations of the complaint, certainly where those allegations are material to the right claimed. The plaintiff, in this case, alleged that she presented a valid ticket; the burden rested upon her to prove this allegation, and she offered no evidence, except the presentation of the book in question. This book contained a contract that the coupons should be void, if detached. The coupons were detached at the time the book was offered in evidence, and there was no evidence tending to show when they were so detached, or how. We think that a peremptory charge might have been given for the defendant for this reason, and certainly the plaintiff cannot complain that the question was left to the jury to determine whether or not the coupons were attached at the time they were presented to the gate-keeper. Even if plaintiff had testified expressly that the tickets were attached, it would not have been error to charge the jury that the burden rested upon her to establish the fact.

That the regulations requiring the presentation of the book with the tickets attached is reasonable, and, therefore, valid, seems to us to be plain.   These tickets are issued at a reduced rate, in consideration of the fact that they are not transferable.   If they could be presented when detached, it would be impossible to prevent transfer, and, in addition to this, it would be impossible to limit their number.   Railroad tickets are identified by the signature of railroad officers, and special contract tickets, such as this, are further identified by the signature of the purchaser. These signatures appear upon the book, and not upon the coupons themselves, so that after a coupon is detached, there is no way of identifying the ticket,—that is, of telling whether it was a ticket printed by the company or printed by an imposter.   It is said that the tickets were numbered, and this is quite true, but any person can have tickets numbered as well as printed. Not only could these tickets be printed, but the same old ticket could be re-sold by the conductor who had taken it up at a reduced rate, either to another passenger, or to another conductor, and thereby defraud the company.   Indeed, to hold that such tickets, after they had been detached, must nevertheless be accepted, notwithstanding the printed condition in the contract to the contrary, would be to impose upon the company such frauds as to render it impossible to continue the issuance of such tickets without material loss.

FLETCHER, J., delivered the opinion of the court.

The testimony of plaintiff and her husband, if believed by the jury, tended to show such treatment by the servants of the railroad company as would warrant recovery.   To meet this proof, the company offered nothing of an affirmative or positive character.   None of the witnesses for the railroad remembered anything of the circumstances of the occurrence.   In this state of the proof, the verdict of the jury is little short of remarkable. But the cause of this verdict can be understood when the instructions asked and secured by the railroad company are attentively

examined.    Mr. Fairfield testified that he bought at Pass Christian a coupon book containing ten tickets to New Orleans, good on any train operated over defendant's line.    He and his wife used two of the tickets in going to New Orleans, and when ready to return presented the book, with only two tickets missing, to the gatekeeper, and were refused admission.    This book containing the tickets was examined by the ticket agent at New Orleans and pronounced good for the train upon which plaintiff sought to take passage.    The tickets contained the usual stipulation that they were void if detached from the book; but there is no hint in the pleadings that the company would rely as a defense upon the point that the tickets were so detached.    Indeed, the defendant company pleaded that the seats were all sold and occupied at the time plaintiff applied for admission at the gate, and therefore admission was properly refused.    There was no suggestion in the proof that the tickets were not fastened to the book when presented, and no complaint by either the gatekeeper or the agent on this ground; and yet in this state of the record the jury was charged in instructions Nos. 15 and 16 that the plaintiff could not recover unless she had shown by the evidence that the book contained coupons which had not been detached, and, again, that she could not recover unless she showed that at the time she demanded entrance she presented to the gatekeeper the book which at the time contained coupons which had not been detached from the fastening by which they were held in the book at the time that it was sold to her husband.

These instructions, even if abstractly and in a proper case correct, have no place in the case made by this record.    Their only effect was, after the case had closed, to inject a false issue before the jury, not suggested by the pleadings or the proof. Indeed these instructions are equivalent to a peremptory charge, since the plaintiff, misled by the pleadings, had offered no proof upon an issue which nobody suspected would be important.    Then, too, the instructions are not correct, considered as an abstract proposition of law.    It is not true that the

holder of such ticket is to be denied passage merely be-
cause the ticket had inadvertently been detached, if both book
and ticket are presented, and it can be seen by inspection that
they correspond. The condition, "Void if detached," etc., must
be sensibly and reasonably construed, to the end that no injus-
tice may be done to either party to the contract. What we con-
sider the only just and tenable view on this question is thus ex-
pressed by the Wisconsin court: "The words, 'Not good for
passage if detached,' would seem to have been so placed upon the
ticket to prevent imposition by the separation of the parts and
the use of each as a single-trip ticket; but where such parts of
the tickets become separated by such inadvertence, and are then
in good faith both presented together and at the same time to
the same conductor on the going trip, the purpose of such words
would seem to be as fully attained as though the two parts of the
ticket had not been previously separated. In other words, the
presentation to the conductor of the two parts of the ticket, un-
der the circumstances found, is the same, in legal effect, as
though such parts had not been detached when so presented. It
is to be remembered that the ticket was the mere evidence of the
contract of carriage, and that such evidence consisted of two
parts designed for separation. To imply such forfeiture of the
contract from such mere inadvertent separation, under the cir-
cumstances found, when no word, letter, or figure on either
part of the ticket was thereby obliterated, and when no perceiv-
able injury to the defendant could result therefrom, would be
to destroy a statutory right upon the merest technicality, and in
the absence of a clearly expressed stipulation to that effect.
Even a strict literalism is not to be so rigidly enforced as to de-
feat the manifest purpose of a contract under a statute.
Whether a different rule should prevail where the passenger
wilfully, and against the protest of the conductor, separates
the coupons or parts of a ticket, as in some of the cases cited,
need not be here considered." *Wightman v. Chicago & North-
western R. Co.,* 73 Wis. 169, 40 N. W. 689, 2 L. R. A. 185, 9
Am. St. Rep. 778.

We will add that in our judgment instructions Nos. "O" and 11 ought not to have been given; but, since they relate alone to the measure of damages, we would not reverse on this account, since the jury has found that no liability at all existed. They should not, however, be given on another trial.

*Reversed and remanded.*