STATE, Respondent, vs. KUENZLI, Appellant.

*March 11—June 20, 1932.*

342

The cause was submitted for the appellant on the brief of *Edward H. Ryan* of Janesville, and for the respondent on that of *Harry S. Fox,* district attorney of Rock county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general.

The following opinion was filed April 5, 1932:

WICKHEM, J. The principal contention of the defendant is that the first verdict of the jury amounted to a verdict of acquittal, for the reason that the verdict negatived the felonious intent essential to sustain a conviction for embezzlement.

If the verdict as rendered is ʼclearly one of "not guilty," the court could not decline to receive it. *State v. Arrington,* 3 Murph. (7 N. C.) 571; *State v. Ostrander,* 30 Mo. 13; *Goolsby v. State* (Miss.) 35 South. 212; *Register v. State,* 10 Ga. App. 623, 74 S. E. 429. On the other hand, if the verdict is so indefinite and uncertain as to be unintelligible, it is invalid. In *State v. Godwin,* 138 N. C. 582, 50 S. E. 277, a verdict of "guilty, but innocent" was held to be insensible and not to entitle defendant to acquittal, as the equivalent of a verdict of "not guilty." If the verdict is indefinite and ambiguous, the general rule is that the court may require the jury to correct the verdict and clear up the ambiguity. *State ex rel. White Oak Springs v. Clementson,* 69 Wis. 628, 35 N. W. 56; *Wightman v. Chicago & N. W. R. Co.* 73 Wis. 169, 40 N. W. 689; *Fick v. Mulholland,* 48 Wis. 413, 4 N. W. 346. It has generally been held that this must be done before receiving the verdict or discharging the

jury. *People v. Lee Yune Chong,* 94 Cal. 379, 29 Pac. 776; *Gaines v. State,* 146 Ala. 16, 41 South. 865. The jury cannot be recalled to amend a verdict after they have returned it, have been discharged, and have separated. *Allen v. State,* 85 Wis. 22, 54 N. W. 999.

The question which confronts the court is whether the verdict must be treated as clearly one of acquittal or whether it is sufficiently ambiguous and uncertain as to justify the trial court in declining to receive it. The defendant cites the case of *State v. Wolfrum,* 88 Wis. 481, 60 N. W. 799, as in point and governing the case at bar. This was an action to recover a forfeiture by reason of the fact that the defendant had intentionally made a false statement to the board of review for the purpose of avoiding his just share of taxes. The jury found the defendant "guilty, not crimanly, but negligently." The court received the verdict and entered judgment in favor of the defendant. It was held that since the verdict negatived any intent to make a false return, it must be construed to be a special verdict finding defendant guilty of the acts charged but not guilty of the intent necessary to bring him within the statute providing for forfeiture.

It will be noted that the court, in the *Wolfrum Case,* did receive the verdict and enter judgment upon it. This having been done, a construction of the verdict became necessary in order to ascertain whether the verdict supported the judgment. This court treated the verdict as ambiguous and requiring construction. It was construed to constitute an acquittal. This was a relatively simple process. The statute involved penalized an intentional false return. The jury found the defendant guilty, not criminally, but negligently. The case involves a single act and a single occasion upon which a material intention could be manifested. The intention of the jury was therefore not difficult to ascertain, and

neither the trial court nor this court had any difficulty in arriving at it.

The present case is distinguishable from the *Wolfrum Case*. In the instant case the trial court did not receive the verdict, and if the verdict was ambiguous the trial court was justified in so declining. There is nothing in the *Wolfrum Case* to indicate that the trial court was obligated to receive the verdict as one of acquittal, or that it would not have been justified in requiring the jury to make absolutely clear its intentions. The fact that the verdict was received made it unnecessary to pass upon this question.

We have come to the conclusion that the verdict first rendered in the instant case was ambiguous. The verdict found the defendant guilty, "not wilfully, but carelessly." Does this evidence the conclusion of the jury that defendant was guilty of a technical conversion, as in *Adrian v. State*, 191 Wis. 193, 210 N. W. 367, but that there was no fraudulent intent? Does it indicate that the depletion of defendant's account was merely careless, but characterized by no intention to defraud, or perhaps by no intention to deplete the account below that required to meet the demands of his clients? Does it evidence the conclusion that there was no wilful neglect to pay the money to Lukas on demand, or did it amount to a finding of guilty, with an inartistically drawn recommendation for mercy? We think the verdict might be argued to mean any one of these things. If the jury had meant to exculpate the defendant of any felonious intent, the appropriate verdict under the instructions was "not guilty." If the jury intended to bring in a special verdict finding the facts but leaving the ultimate judgment upon the law to the court, it used a singularly inappropriate means for doing so, because there is an express finding of ultimate guilt. The verdict is less clear and more uncertain in meaning than the verdict in the *Wolfrum Case,* for the reason

that there are several acts on the part of the defendant which, if characterized by a fraudulent intent, could constitute embezzlement. *State v. Heiden,* 139 Wis. 519, 526, 121 N. W. 138. The deposit of the client's money in his own account, the drawing out of all the funds in defendant's account, or the neglect of the defendant to pay the money to his client upon demand, were all capable of supporting a charge of embezzlement, providing they were characterized by the requisite intent. This makes the jury's verdict more difficult to construe, and renders it more ambiguous than the verdict in the *Wolfrum Case,* which could refer only to a single act and a single intention.

There is also the further fact that, prior to bringing in their first verdict, the jury returned to the court for further instructions, stating that one or two of the jurors were not clear as to what the instructions meant. In view of this, it was natural for the trial court to conclude that the ambiguity which appeared upon the face of the verdict evidenced uncertainty and confusion in the minds of the jury as to the elements of the offense. With the aid of further instructions, the jury arrived quite promptly at an unequivocal verdict of guilty.

It is our conclusion that the trial court was justified in declining to receive the verdict and in requiring that its ambiguities be made certain.

The next contention of the defendant is that the court erred in denying his motion to dismiss at the end of the State's case, and to direct a verdict for the defendant at the close of the testimony. This is based upon the contention that there is no evidence of concealment or intent to defraud, and that the evidence shows that defendant made efforts to borrow money to replace that spent by him. We think this contention is without merit. The evidence is undisputed that defendant deposited the money in his own account, and that he thereafter used the money for his own benefit. It is true that whether these acts on the part of the defendant

constituted mere conversion or embezzlement depends upon the intent with which they were done. However, intent is a state of mind which can be evidenced only by the words or conduct of the person who is claimed to have entertained it. The jury was under no obligation to accept the direct evidence of intent furnished by the defendant, and must be permitted to infer intent from such of defendant's acts as objectively evidence his state of mind. It seems clear to us that the deposit and subsequent use of the funds by defendant for his own benefit may properly form the basis for an inference of felonious intent. If such an intent did exist at the time of those acts, even a contemporaneous intent to pay back the money at a later time would be of no legal consequence. It is our conclusion that there was a jury question, and that defendant's motions were properly denied.

It is further claimed by the defendant that the court erred in his supplemental instructions to the jury after the first verdict was returned. We find no prejudicial error in these instructions. The jury had returned a verdict of "guilty, not wilfully, but carelessly." After declining to receive this verdict the court instructed the jury, in substance, that before they could find the defendant guilty they must find that the conversion of the money was his wilful act. The instruction was not erroneous and, under the circumstances, could not operate to defendant's prejudice.

The defendant assigns as error, without argument, that certain instructions as given by the court were erroneous, and that certain instructions requested by him were improperly refused. We have carefully examined these assignments of error and the instructions to which they relate, and we find no error.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on June 20, 1932.