85   526
78a   477

# Illinois Central Railroad Company

## *v.*

## Joseph Hammer.

1. Negligence — *right of action in case of contributory negligence.* Where a plaintiff has been guilty of negligence contributing to his injury, he can not recover unless the negligence of the defendant is gross, and not then unless the negligence of the plaintiff is slight in comparison to that of the defendant.

2. In a suit to recover damages for a personal injury against a railway company, where the plaintiff is chargeable with contributory negligence, it is erroneous to instruct the jury, in substance, that the plaintiff may recover, though guilty of slight negligence, if the defendant's employees fell short, in *any degree*, of the exercise of that high degree of care as, under the circumstances, it was reasonable to have used to prevent the injury.

3. INSTRUCTION—*oral*. It is a violation of the statute for the court to instruct the jury orally as to the impropriety of certain modes of arriving at the amount of their verdict.

APPEAL from the Circuit Court of Effingham county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. GEORGE W. WALL, for the appellant.

Messrs. GILMORE & WHITE, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Joseph Hammer recovered in the circuit court judgment against the railroad company for damages for an injury to his person, caused by a moving car of the company, which struck him while standing on the railroad track.

The servants of the company were "switching." South of the place of the injury is a switch, connecting a side-track with the principal track. While Hammer was passing on the principal track, his attention was attracted to an engine south of him, near the switch, and coming north. He observed that it took the main-track, and he stepped on the side-track to let the engine pass. It turned out that a car, (which had been detached, south of the switch, from the rear of the engine while in motion, and had been switched from the main-track to the side-track,) came rapidly northward on the side-track, approaching Hammer, while the engine passed to the north, on the principal track. The attention of Hammer was fixed upon the engine, and though it had passed him some distance before the car struck him, his attention was not called to the approaching car until too late for escape.

There is proof tending to show that the employees of the railroad company saw Hammer on the side-track so long be-

fore the collision, that, by prompt action, the car might have
been stopped before reaching Hammer.  The testimony tends
to show that these employees had reason to believe that Ham-
mer was about to get off the track, and did not have reason to
think otherwise until it was too late to avoid the injury by
stopping the car.  There was also evidence tending to rebut
these positions.

Upon this state of proof as to this part of the case, the court,
at the request of plaintiff, charged the jury, that "if,  *  *  *
after the servants of defendant saw the plaintiff *in danger*,
they *might* (by delaying the business of the road, and by the
use of such a high degree of care as, under the circumstances,
it was reasonable to have used,) have avoided and prevented
the injury,  *  *  *  then plaintiff may recover, even if
guilty of slight negligence," etc.

This instruction can not be approved.  It may well be that
the employees fell short of the degree of care "which it was
reasonable to have used," and yet they may not have fallen so
far short thereof as to make them justly chargeable with *gross
negligence.*  The rule has often been laid down, that where a
plaintiff has been guilty of negligence contributing to the in-
jury, he can not recover unless the negligence of the defend-
ant is gross, and not then, unless the negligence of plaintiff is
slight in comparison to that of defendant.  This instruction
violates the rule by saying, in substance, that plaintiff, though
negligent, if his negligence be slight, may recover, if defend-
ant's employees fell short, in *any degree*, of that high degree
of care which "it was reasonable to have used"—in other
words, the court says, in substance, that any want of proper
care will charge the defendant, if plaintiff's negligence was but
slight.  This is not the law.

The question of contributory negligence is material in the
case.  The jury having been erroneously instructed on that
question, the judgment must be reversed for that error.

It was a violation of our statute for the court to instruct the
jury *orally* as to the impropriety of certain modes of arriving
at the amount of a verdict.

The judgment will be reversed, and the cause remanded for a trial *de novo.*

*Judgment reversed.*