THE PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COMPANY

v.

PATRICK SHANNON.

1. PRACTICE—IMPERFECT RECORD.—This court is bound by the record as filed. If it is inaccurate it is in the power of the party injured thereby to suggest a diminution of the record and have the correction made at any time before a final hearing of the cause.

2. CONTRIBUTORY NEGLIGENCE.—An instruction attempting to state the rule as to contributory negligence must refer to a standard of comparison of the negligence of both parties.

3. PERMANENT INJURY.—It was error to submit to the jury the question of permanent injury to the plaintiff, there being no evidence to show a permanent injury.

APPEAL from the Superior Court of Cook county ; the Hon. R. S. WILLIAMSON, Judge, presiding. Opinion filed July 25, 1882.

This was an action on the case, brought by Patrick Shannon against the Pittsburgh, Cincinnati and St. Louis Railway Company, to recover damages for injuries to the plaintiff's person and property caused by a collision with one of the defendant's locomotive engines. It appears that on the 26th day of May, 1880, the plaintiff was driving his horse and wagon along Sangamon street, in the city of Chicago, where it crosses the defendant's railway track, and that as he was attempting to cross said track, one of the defendant's engines collided with his horse and wagon, killing the horse, destroying the wagon, and inflicting injuries on the plaintiff's person.

P., C. & St. L. R'y Co. v. Shannon.

The declaration, which originally consisted of three counts, charged that the servants of the defendant were guilty of negligence, in the driving and management of said engine; in running at a rate of speed prohibited by the ordinance of the city; and in failing to ring a bell or sound a whistle as required by statute. Two additional counts were subsequently filed, in one of which the defendant is charged with negligence in failing to keep a flagman at the crossing in question as required by the ordinance of the city ; and in the other, with failing to give the plaintiff timely notice, by a flagman or otherwise, of the approach of the engine.

The evidence at the trial, so far as it relates to the alleged negligence of the defendant and its servants, was conflicting, and there was also evidence tending to charge the plaintiff with negligence in failing to take reasonable and ordinary precautions to ascertain whether an engine was approaching, before undertaking to cross the track. The record shows that the court, among other instructions, gave to the jury, at the instance of the plaintiff, the following:

1.   " The jury are instructed that, if they believe from the evidence in this case, that the crossing where the injury referred to in this case occurred, was a public highway and street crossing in the city of Chicago, where large numbers of vehicles and foot passengers were in the habit of passing, and that defendant did not have a flagman at said crossing when said accident occurred at said crossing, and immediately prior thereto, to warn approaching wagons and foot passengers of the approach of locomotive engines in that way; had such a flagman and that such flagman failed to give the plaintiff sufficient and timely warning, by signaling or otherwise, of the approach of the engine which came in contact with plaintiff's wagon, and that the plaintiff was injured thereby while using all reasonable care and diligence on his part in crossing said railway track or tracks, then the jury should find for the plaintiff.

2.   " In this case, though the jury may believe from the evidence, that the plaintiff was guilty of some slight negligence, which contributed to the alleged injury complained of

in the declaration filed in this cause, yet, if the jury further believe from the evidence, that the defendant, by its servant or servants, was guilty of gross negligence in that regard, and that the injury complained of was caused thereby, and that the negligence of the plaintiff was but slight, then the plaintiff is entitled to recover.

4. "The court instructs the jury, that if they find for the plaintiff in this case, they may take into consideration, in assessing the damages, not only his actual outlay in curing himself of his injuries, if any such has been proved, and the value of the property which was destroyed, if any such has been proved, but also his pain and suffering of body, if any have been proved, and in computing his damages, they shall assess the same at such sum, not exceeding amount claimed in the declaration, as shall appear to them reasonable under the evidence, taking into account his permanent injuries, if any such have been found."

The jury found the defendant guilty, and assessed the plaintiff's damages at $3,400, for which sum, less $1,400 remitted by the plaintiff, and costs, the court, after overruling the defendant's motion for a new trial, gave judgment for the plaintiff.

Messrs. WILLARD & DRIGGS, for appellant; that a person who knowingly goes upon a railroad track, regardless of the approach of trains, is, as a matter of law, guilty of gross negligence, cited Garland v. C. & N. W. R. R. Co. 8 Bradwell, 571; C. & A. R. R. Co. v. Robinson, 8 Bradwell, 140; St. L., A. & T. H. R. R. Co. v. Pflughmacher, 9 Bradwell, 300; C. & N. W. R. R. Co. v. Sweeny, 52 Ill. 325; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. R. I. & P. R. R. Co. v. Bell, 70 Ill. 102; C. R. I. & P. R. Co. v. Godfrey, 71 Ill. 500; Ill. Cent. R. R. Co. v. Goddard, 72 Ill. 567; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

The second instruction is erroneous, because it suggests no comparison of negligence between the acts of appellant and appellee: Ill. Cent. R. R. Co. v. Hammer, 72 Ill. 347.

P., C. & St. L. R'y Co. v. Shannon.

Messrs. Hynes, English & Dunne, for appellee; that where the evidence is conflicting, the appellate court will not disturb the verdict, cited Poleman v. Johnson, 84 Ill. 269; Paton v. Stewart, 78 Ill. 481; C. B. & Q. R. R. Co. v. Lee, 87 Ill. 454; Sturman v. Streamer, 70 Ill. 188.

A plaintiff, though guilty of slight negligence, may recover of a defendant who has been grossly negligent: C & N. W. R. R. Co. v. Cass, 73 Ill. 394; C. & N. W. R. R. Co. v. Donahue, 75 Ill. 106; C. & A. R. R. Co. v. Gregory, 58 Ill. 226.

Bailey, J. The first instruction given for the plaintiff, as the same appears in the transcript of the record, could only have had a tendency to confuse and mislead the jury. Counsel for the appellee suggest that the clerk of the court below, in transcribing the instruction, omitted the word " or " before the words " had such a flagman," and that we should read the instruction as though that word were supplied. It is a sufficient answer to the suggestion to say, that we are bound by the record as transmitted to this court. If it has been erroneously transcribed, it was within the power of the party prejudiced by such error, at any time before the final hearing, to suggest a diminution of the record and have the error corrected by an amended transcript from the court below. Having failed to do this, the appellee is precluded from insisting that the instruction does not appear in the record precisely as it was given to the jury.

The plaintiff's second instruction fails to state the rule of comparative negligence with entire accuracy. In Quinn v. Donnovan, 85 Ill. 194, the court say: " The rule, as has often been said by this court, is, a plaintiff may recover where his negligence is slight as compared with the defendant's, which is gross." So in I. C. R. R. Co. v. Hammer, 85 Ill. 526, it is said: " The rule has often been laid down, that where a plaintiff has been guilty of negligence contributing to the injury, he can not recover, unless the negligence of the defendant is gross, and not then, unless the negligence of the plaintiff is slight in comparison with that of the defendant."

The rule is stated in substantially the same language in C. &. N. W. Ry. Co. v. Dimick, 96 Ill. 42, and in numerous other cases to which reference might be made. It must not only appear, then, that the defendant's negligence is gross and that of the plaintiff but slight, but that they are so when compared with each other. See Moody v. Peterson, *ante*. In the statement of the rule in the plaintiff's instruction, the element of comparison is omitted, and in that respect it fails to state the rule correctly. The question of the comparative negligence of the parties was one of the leading questions in the case, and it should therefore have been accurately submitted to the jury.

The plaintiff's fourth instruction was erroneous in so far as it submitted to the jury the question of permanent injury to the plaintiff, there being, as it seems to us, no evidence tending to show permanent injury. The only witness who testified to the nature and extent of said injuries was the plaintiff himself; and while his evidence tends to show that, at the time of the trial, he was still suffering some pain and weakness consequent upon the injury, it nowhere appears that his ailments are of such a nature that he is not likely to recover from them, and no witness ventures an opinion that they are or will be permanent. The jury, however, may have concluded that, in the opinion of the court, there was sufficient evidence to warrant a finding on that subject. Instructions which submit to the jury questions of fact upon which there is no evidence, have been uniformly held to be erroneous.

As the case must be submitted to another jury, we forbear discussing the questions of fact elaborately argued by counsel, but for the errors in the foregoing instructions the judgment will be reversed and the cause remanded.

Judgment reversed.