## LEVY v. BEEKMAN PUB. Co.

*(Supreme Court, General Term, First Department.　June 29, 1892.)*

CONTRACT OF EMPLOYMENT—IRREGULAR VERDICT.

    In an action on a contract of employment stipulating for weekly salary, and also for a commission on sums received by defendant on advertisements secured by plaintiff, who was to devote his entire time to defendant's service, it appeared that plaintiff was discharged for cause.　The jury returned a verdict that "the jury finds for the defendant, but that the plaintiff is entitled to a commission of 25% on all advertisements accepted by the defendant, to wit, $88.50." *Held* that, as the verdict is general in favor of defendant, the qualification, in the form of a special finding for plaintiff, is unauthorized.

Appeal from circuit court, New York county.

Action by Eugene H. Levy against the Beekman Publishing Company to recover damages for the breach of a contract of employment.　From a judgment entered on a verdict in favor of plaintiff, the defendant appeals.　Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*Vanderpoel, Cuming & Goodwin,* (*Delos McCurdy,* of counsel,) for appellant.　*R. J. Moses, Jr.,* for respondent.

PATTERSON, J.　We are of opinion that the judgment entered on the verdict of the jury in this action cannot be upheld.　The plaintiff sued to recover damages for the breach of a contract of employment.　He had agreed to devote his entire time for three months to securing advertisements to be inserted in a publication issued by the defendant, and was to receive a stipulated weekly salary, and in addition thereto a commission of 25 per cent. on all advertisements secured by him.　After six weeks' service under this contract, during which period he obtained several advertisements for the defendant, he was discharged on the asserted ground of dissatisfaction "with the meager results" of his work.　He claimed in this action compensation for the remaining six weeks, and commissions on the amount of the advertisements he had procured, and which the defendant had accepted.　The answer is, in substance, a general denial.　On the trial the defendant claimed that the plaintiff himself had first broken the contract by entering into the service of another publisher, and hence the dismissal was justified.　One instance was proven of his having procured an advertisement for such other publisher. There was a conflict of evidence as to the relations established between the plaintiff and this third party.　The former swore that there was but this one, single transaction, which did not interfere with his duty to the defendant, while the party referred to testified to facts which would indicate an employment incompatible with the devotion of the plaintiff's entire time to the service of the defendant.　The learned judge left it to the jury say whether the single act proven, constituted, under the circumstances, a breach, within the contemplation of the parties, but he instructed them that that related to the weekly salary.　As to the commissions, he charged that the plaintiff was entitled to recover on what was actually received by the defendant in payment for advertisements procured by the plaintiff, and that was done in view of the fact that but a small fraction of the price to be paid by the advertisers was paid, in consequence of the publication being suspended before the full periods for the insertion of these advertisements had expired.　It would

appear, therefore, that the learned judge considered that the plaintiff was entitled to recover some part of the commissions, although the jury might find that he was not entitled to the salary, and that the contract was severable. In this he may not have been mistaken. The contract is somewhat peculiar in expression, and is susceptible of the construction that commissions were to be paid independently of salary, and such, undoubtedly, was the understanding of the defendant, which fully recognized its liability to pay the commissions in the letter discharging the plaintiff; for it is therein stated that, "as fast as the checks are received for the advertisements you secured, your commissions will be forthcoming." The jury, acting on the instructions of the court, brought in the following verdict: "The jury finds for the defendant, but that the plaintiff is entitled to a commission of 25% on all advertisements accepted by the defendant, to wit, $88.50." Thereupon counsel for the plaintiff, considering, doubtless, the finding of the jury as a special verdict, moved for judgment, which was granted; the court afterwards stating that, while the verdict should be set aside on technical grounds, (alluding to its being for commissions on the total value of the advertisements accepted, and not only on such sum as had been received, and therefore against the instructions,) yet, on reconsideration of the charge, he was satisfied the jury was right. We think the effect of this peculiar verdict was to produce a mistrial. There is nothing in the practice that authorizes a general verdict in favor of one party to an action, and a qualification thereof in the form of a special finding in favor of the other. What was meant by this verdict probably is that the jury found the defendant was justified in dismissing the plaintiff, and therefore the latter was not entitled to the salary, but was entitled to his earned commissions. But they have not said so, and, even had they, the verdict would still be fatally defective. In an action to recover a sum of money only, a jury may render a special verdict in its discretion. Section 1187, Code Civil Proc. Such a verdict is one by which the jury finds the facts only, leaving the court to determine which party is entitled to judgment. Section 1186. It must set forth all the facts authorizing a judgment. If that is not done it will be set aside. *Casey* v. *Dwyre*, 15 Hun, 153. Here, in addition to the want of a statement, there is the singular contradiction of a general verdict for the defendant on the issues submitted, nullified by a finding of a specific sum on those same issues in favor of the defendant. We cannot, of course, reconcile the incongruity of such a verdict, and are compelled to reverse the judgment, and grant a new trial, with costs to abide the event.

O'BRIEN, J. I concur in the result. The opinion states that "it would appear that the learned judge considered that the plaintiff was entitled to recover some part of the commissions, although the jury might find that he was not entitled to the salary, and that the contract was severable. In this he may not have been mistaken." I think this view of the relations of the parties growing out of the contract was erroneous, and led to the error into which the jury fell by assuming that they had a right to sever the contract, which in its nature was entire, and as to part find for plaintiff, and, with regard to the balance, for the defendant. A reading of the contract will show that it provided for the payment of $25 a week, and 25 per cent. on all advertisements secured for "Chatter," in consideration of plaintiff's devoting his entire time to securing advertisements for "Chatter," and rendering such other assistance as should be mutually agreed upon. There can be no doubt, upon a consideration of the language of the agreement, that it constituted but one and an entire contract between the parties; and this was the view taken by the plaintiff, who placed his right to recover the entire amount due him for the salary for the unexpired period, together with the percentage on advertisements which had been received, upon the claim that his discharge

was unjustifiable. The amount to be performed by the plaintiff, and the consideration to be paid by the defendant, were made certain and fixed; and no question of apportionment could arise, except in a case where the contract is susceptible of a construction that it is not to be considered as single and entire. It has been repeatedly held that, when parties make a contract which is not apportionable, no part of the consideration can be recovered in an action on the contract until the whole of that for which the consideration was to be paid has been performed. We think, therefore, that the conclusion reached by Mr. Justice PATTERSON was correct, for the reason, stated in appellant's brief, "that the plaintiff could not maintain an action on this contract to recover a part of the consideration agreed to be paid for full performance, and that such an action can be supported only when there are separate contracts, and each the subject of a separate action, or where in one contract there is such a separation into parts as to give a distinct right of action for each distinct portion."

VAN BRUNT, P. J. I do not think that the above question arose, as the parties seem to have conceded that there might be a right to these commissions without there being any valid claim for salary. I concur in the result.