THE ILLINOIS CENTRAL RAILROAD COMPANY

*v.*

EDMUND WHEELER.

*Filed at Ottawa March 31, 1894.*

1. VERDICT—*form—oral or in writing.* Under our practice, the form of the verdict to be returned by a jury in actions on the case is fixed by no rule of law whatever. It may be reduced to writing and signed by the jury, or it may be delivered orally.

2. SAME—*power of court to put in form.* Where the verdict has been reduced to writing and signed, if good in substance, the court may, in the presence of the jury, reduce it to form, if defective in form; or the

court may send the jury back to its room, with directions how to put it in proper form. If good in substance, it will be sufficient, under the Statute of Jeofails, and it may be regarded as reduced to form.

3. SAME—*directions of the court as to its form.* It is highly proper for the court to indicate to the jury, before retiring, the form of their verdict; and this may be done in the same manner that any other directions are given to the jury as to its manner of proceeding in the discharge of its duty, and is in no sense giving instructions as to the law of the case. Such direction may be given either in writing or orally.

4. SAME—*correcting the form of the verdict.* If the court should, in the first instance, mistake the proper form of the verdict, and the jury should follow it, the correction may be made upon its being brought in, or the jury may be sent back with a proper form, without the slightest error of law being committed.

5. INSTRUCTIONS—*when in writing—statute construed.* Section 52 of chapter 110 of the Revised Statutes, requiring instructions to the jury to be in writing, only applies to instructions purporting to lay down some rule of law, and not to a mere direction as to the form of the verdict.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. C. V. GWIN, and Mr. JAMES FENTRESS, for the appellant:

The court erred in instructing the jury orally, and it was error in the Appellate Court not to reverse the judgment on that ground. Starr & Curtis' Stat. sec. 33, chap. 110; *Brown* v. *People,* 4 Gilm. 439; *Ray* v. *Wooters,* 19 Ill. 82; *Railroad Co.* v. *Hammer,* 85 id. 526; *Insurance Co.* v. *Rabb,* 11 Ill. App. 636; *Abingdon* v. *Meadows,* 28 id. 431; *Hoyt* v. *People,* 104 U. S. 631; *Hardin* v. *Helton,* 50 Ind. 319; *Bosworth* v. *Barker,* 65 id. 595; *Provine* v. *Heaston,* 67 id. 482; *Bradway* v. *Waddell,* 95 id. 170.

An instruction is a statement of the rules of law governing the matters in issue, or the amount of the recovery. *Bradway* v. *Waddell,* 95 Ind. 170; Thompson on New Trials, sec. 2380.

Mr. M. L. KNIGHT, and Messrs. DUNCAN & GILBERT, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

But a single question is raised upon this record. The action is by appellee, against appellant, for a personal injury, alleged to have been received in alighting from one of its trains, through the negligence of its employes. In the trial court plaintiff recovered a judgment for $6000, and costs of suit, which was affirmed in the Appellate Court.

No instructions were given at the trial on behalf of the plaintiff. All those asked by the defendant were given, after which, as appears by the bill of exceptions: "The court further gave to the jury, in writing, preceding the same with the oral statement that the same were forms for verdict, the following instruction: 'We, the jury, find the issues for the defendant.' 'We, the jury, find the defendant guilty, and assess the plaintiff's damages at . . . . . . ,' and completed and supplemented said written instruction by adding thereto, as part thereof, orally, and not in writing, words in effect as follows, viz: Such sum as the jury may believe, from the evidence, the plaintiff is entitled to recover. To the giving of which written instructions, and to the adding to and supplementing the same orally, and to the giving of which oral instruction as above set out, the defendant then and there duly excepted."

It is now insisted that the giving of such instruction was violative of the statute, which provides, that "hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing." (Rev. Stat. sec. 52, chap. 110.) Also, that so much of the instruction as assumes to give a form of verdict against the defendant would have been erroneous even if it had been reduced to writing. In our opinion the two points may properly be considered as one, because if the action of the court, as here shown, is to be treated as an instruction by the court as to the

law of the case, it was clearly erroneous to give it without reducing it to writing, whether it contained a correct statement of the law or not. If, on the other hand, it is to be treated, not as an instruction upon the law of the case, but as a mere direction to the jury as to the manner in which they should proceed, then, of course, the question of its accuracy as an instruction can not arise.

That the foregoing section of the Practice act only applies to instructions purporting to lay down some rule of law, is made clear by the preceding section of the same chapter, the language of which is: "The court, in charging the jury, shall only instruct as to the law of the case." This much is conceded by counsel for appellant in his able and ingenious argument, but he insists that this is an instruction as to the law. With this contention we can not agree. Under our practice the form of the verdict to be returned by a jury in actions like this is fixed by no rule of law whatever. The statute provides: "It shall be sufficient for the jury to pronounce their verdict, by their foreman, in open court, without reducing the same to writing, and the clerk shall enter the same in form, under the direction of the court." (Rev. Stat. sec. 56, chap. 110.) It may be reduced to writing and signed by the jury, or it may be delivered orally. (*Griffin* v. *Larned*, 111 Ill. 432.) When it has been reduced to writing and signed, if good in substance, the court may, in the presence of the jury, reduce it to form, if defective in that respect. (*Osgood* v. *McConnell*, 32 Ill. 74; *Chittenden* v. *Evans*, 48 id. 52; *Faulk* v. *Kellums*, 54 id. 188; *Pekin* v. *Winkel*, 77 id. 56; *Godfreidson* v. *People*, 88 id. 284.) Or the court may send the jury back to its room, with directions how to put it in proper form. (*Smith* v. *Williams* 22 Ill. 357.) Or, if good in substance, it will be sufficient under the Statute of Jeofails, and "it may be regarded as reduced to form." *Hartford Fire Ins. Co.* v. *Vanduzor*, 49 Ill. 489; *Wiggins* v. *Chicago*, 68 id. 372.

In order that the verdict may be put in form in the first instance, and so avoid the delay necessarily resulting from reducing it to form after being returned into court or sending the jury back to correct the form, it is usual, and highly proper, for the court to indicate to the jury, before retiring, in what language the verdict should be announced. This may be done in the same manner that any other directions are given the jury as to its manner of proceeding in the discharge of its duty, and is in no sense giving instructions as to the law of the case. Usually the purpose of the direction will be best served by reducing it to writing, but we entertain no doubt that it may legally be done orally. If a foreman has been designated, it may be directed to him, in the presence of the other members of the jury. If the instruction should be wholly disregarded, and the finding announced verbally in open court, the jury might be sent back to comply with the directions given; but if the court saw proper to receive the oral verdict, and have it put in form by the clerk, no one would think of assigning error upon the failure to obey the instructions. If the court should, in the first place, mistake the proper form of the verdict, and the jury should follow it, the correction might be made upon its being brought in, or the jury could be sent back with a proper form, without the slightest error of law being committed. Here the court told the jury in advance that the instruction was for "forms of verdict," and all that was said or written pertained to that subject, only, and the jury must have so understood it.

The judgment of the Appellate Court being in harmony with the views here expressed, must be affirmed.

*Judgment affirmed.*