Miles Ellis

*v.*

The People of the State of Illinois.

*Filed at Ottawa January 20, 1896.*

1. Trial—*instructions to jury must be in writing.*   Oral instructions as to the penalty to be fixed in a criminal case according to the degree of which the defendants may be found guilty, violate sections 52-54 of the Practice act, (Rev. Stat. 1874, p. 781,) forbidding the giving of instructions, or qualifying, modifying or explaining them, otherwise than in writing.

2. Same—*statute as to mode of instructing jury is mandatory.*   The requirement of the statute that all instructions must be in writing is mandatory, and cannot be dispensed with without the consent of the parties, in any case.

Writ of Error to the Circuit Court of Henry county; the Hon. Hiram Bigelow, Judge, presiding.

Charles K. Ladd, for plaintiff in error.

159—22

MAURICE T. MOLONEY, Attorney General, (T. J. SCO-FIELD, M. L. NEWELL, SAMUEL RICHOLSON, and GEORGE E. BACON, of counsel,) for the People.

EMERY C. GRAVES, State's Attorney, also for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

Miles Ellis, plaintiff in error, and one Samuel Arkland, under an indictment for the murder of Leopold DeSchepper, were at the June term, 1895, of the circuit court of Henry county, found guilty of manslaughter. Ellis was sentenced to imprisonment in the penitentiary for the period of three years. Arkland, being under twenty-one years of age, was sent to the reform school. While engaged in a drunken brawl, in the night time, in front of the house of one DeFleger, in which brawl there were four or more participants, DeSchepper was struck on the head with a detached pump handle, and from the effects of the blow died within a few days thereafter. From the view we take of the case it will not be necessary to review the evidence.

After having given to the jury instructions in writing, as requested by the parties, covering the different phases of the case, the court, upon its own motion, further instructed the jury orally. This part of the record shows the following:

"And thereupon the court gave to the jury, upon his own motion, the following oral instructions as to the form of their verdict, to-wit:

"By the court: In regard to the form of your verdict the court will instruct you orally, and will require you to pay particular attention. If in this case you find the defendant guilty of the crime of murder, you will simply say by your verdict, 'We, the jury, find the defendants guilty in manner and form as charged in the indictment.' That will be sufficient, so far as that is concerned, if you

find them guilty of murder. But should you find them guilty of murder it will be your duty to fix the penalty. The penalty may be death, or it may be imprisonment in the penitentiary for any period not less than fourteen years, nor beyond, of course, the natural life. Between these two it may be graded as you find it ought to be. And you will say by your verdict what penalty you will find or which you may desire to inflict,—whether death, or imprisonment in the penitentiary for a term not less than fourteen years nor more than the natural life. You may find one defendant guilty of murder and the other not guilty, and if you find one guilty of murder, and the other not guilty of murder but guilty of manslaughter, you will simply say, 'We, the jury, find the defendant (naming him, whichever you find guilty of murder,) guilty of murder, and fix the penalty,' fixing the penalty according to the instruction above. And you will also say, 'We, the jury, find the defendant (naming him, the one you find guilty of manslaughter,) guilty of manslaughter, and fix his punishment at imprisonment in the penitentiary for ...... years,'—any number of years not exceeding the natural life. But if you find Arkland guilty of manslaughter you will say simply, 'We, the jury, find the defendant, Samuel Arkland, guilty of manslaughter,' and you will not fix the punishment at all. That will be left to the court. The punishment of Ellis is left entirely in your hands. The punishment of Arkland is left in your hands if you find Arkland guilty of murder, but left in the hands of the court unless you find Arkland guilty of murder. You are authorized, under this indictment, to find either one or both of the defendants guilty of manslaughter, but if you find Ellis guilty of manslaughter, you will also in your verdict, after naming him, fix the penalty,—that is to say, the number of years that he shall serve in the penitentiary, not exceeding his natural life.

"Mr. Graves: If the court please, the Reformatory act requires the jury to find the age of the defendant.

"By the court: In your verdict, if you find Arkland guilty of manslaughter, you will also find his age in your verdict. It is conceded that he is not yet twenty-one years of age.

"Mr. Graves: That is so.

"Mr. Ladd: Have you not omitted one form of verdict?

"By the court: If you find the defendants not guilty, you will simply say by your verdict, 'We, the jury, find the defendants not guilty.'"

Exceptions were taken at the time by the plaintiff in error to these oral instructions, and we are of the opinion they must be sustained. Sections 51 and 52 of the Practice act are as follows:

"Sec. 51. The court, in charging the jury, shall only instruct as to the law of the case.

"Sec. 52. Hereafter no judge shall instruct the petit jury in any case, civil or criminal, unless such instructions are reduced to writing."

The 53d section provides that the judge "shall in no case, after instructions are given, qualify, modify or in any manner explain the same to the jury otherwise than in writing."

It is very clear that the court, by orally instructing the jury as to the law of the case, violated this statute. It is unnecessary to discuss here what directions the court may orally give to the jury respecting the form of the verdict, or upon other matters which may arise during the progress of the trial, which shall not amount to a charge to the jury as to the law of the case. This subject is reviewed, to some extent, in *Illinois Central Railroad Co.* v. *Wheeler*, 149 Ill. 525. (See, also, 2 Thompson on Trials, sec. 2375.) The written instructions given gave no information to the jury as to the nature or extent of the punishment to be inflicted in case the accused were found guilty. This was done by the instructions given orally. The court said to the jury: "But should you find them guilty of murder it will be your duty to fix the

penalty. The penalty may be death, or it may be imprisonment in the penitentiary for any period not less than fourteen years, nor beyond, of course, the natural life. Between these two it may be graded as you find it ought to be. And you will say by your verdict what penalty you will find or which you may desire to inflict,—whether death, or imprisonment in the penitentiary for a term not less than fourteen years nor more than the natural life. You may find one defendant guilty of murder and the other not guilty." And further: "The punishment of Ellis is left entirely in your hands. The punishment of Arkland is left in your hands if you find Arkland guilty of murder, but left in the hands of the court unless you find Arkland guilty of murder. You are authorized, under this indictment, to find either one or both of the defendants guilty of manslaughter, but if you find Ellis guilty of manslaughter, you will also in your verdict, after naming him, fix the penalty,—that is to say, the number of years that he shall serve in the penitentiary, not exceeding his natural life." It is impossible to say that this was not instructing the jury as to the law of the case. The jury were not otherwise instructed as to this very important branch of the law, and without such instruction would have been left without any instruction from the court as to the nature and extent of the punishment which had been provided by law for the crime of which the defendants might be found guilty. It is said in 2 Thompson on Trials (sec. 2375) that "all the cases agree that statutes of this kind, in criminal cases, where the accused is not presumed to waive any of his legal rights, must be strictly complied with." This statute is mandatory on the courts, and may not be dispensed with without the consent of parties, in any case.

For this error the judgment of the circuit court, as to plaintiff in error, is reversed and the cause remanded.

*Reversed and remanded.*