## Elsie Johnson v. Elizabeth Mellhousin.

1.   COURTS—*Presumptions that Their Proceedings Are Regular.*—The presumption is, in absence of proof to the contrary, that the proceedings of a court of general jurisdiction are regular.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding.   Heard in this court at the March term, 1902.   Affirmed.   Opinion filed January 8, 1903.

McGLASSON & BEITLER and JAMES R. WARD, attorneys for appellant.

GREGORY, POPPENHUSEN & McNAB, attorneys for appellee; CONRAD H. POPPENHUSEN, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant brought suit in assumpsit against appellee. She filed the common money counts and a special count, in which she averred that September 20, 1894, having an interest in certain real estate involved in a foreclosure suit then pending and brought by appellee as complainant, she agreed with, and at the request of, appellee, to refrain from making any defense in such suit, and in consideration of such agreement appellee then and there promised to pay appellant the sum of $1,238.20; that appellant accepted such promise and refrained from making such defense, etc.

The appellee filed the general issue and a plea of the statute of limitations, that the cause of action did not accrue within five years prior to the commencement of the suit. To which last plea there was a replication followed by a rejoinder.

This suit was commenced April 4, 1900. The appellant and her two witnesses testified that the verbal promise set up in the declaration was made in September, 1894, thus clearly establishing the plea of the statute of limitations. Upon such evidence the learned trial judge instructed the jury to find a verdict for the defendant. He was fully justified in so doing.

At the close of appellant's case appellee submitted a motion in writing to instruct the jury to find for the defendant. The court did so. Appellant says that the court gave this instruction orally, and thereby committed reversible error. The record does not state that this instruction was orally given. The Superior Court being a court of general jurisdiction, the presumption, in the absence of proof to the contrary, is that its proceedings were regular. But even if that instruction was given orally, it was but a mere direction to the jury as to how to proceed with their verdict, and was not an instruction to them as to the law of the case. This act did not constitute reversible error. Illinois C. R. R. Co. v. Wheeler, 149 Ill. 525.

The mere fact that the court overruled the motion for a new trial immediately after it was made, and forthwith entered judgment thereon, without an affirmative showing that appellant was injured by such speedy action, is not ground for reversal.

The judgment of the Superior Court is affirmed.