# Aurora Trust & Savings Bank, Appellant, v. Matt Fidler, Appellee.

## Gen. No. 6,100.

1. INSTRUCTIONS, § 31*—*when court may instruct orally as to verdict*. It is not competent for a court to instruct a jury orally, concerning the verdict they should render, except in relation to matters that pertain strictly to the form of the verdict, or to a correction of the form thereof.

2. INSTRUCTIONS, § 31*—*when oral instruction erroneous as being on matter of substance and not of form of verdict*. Where, in an action on a promissory note to which the general issue and partial payment were pleaded, the jury returned a verdict: "We, the jury, find the issues for the defendant and assess the plaintiff's damages at the sum of $1,049.42," an oral instruction that the jury should deduct such amount from the amount of the note and return a verdict for the plaintiff for the difference, *held* erroneous as an oral instruction on a matter of substance and not of form of the verdict, and also as amounting to directing a verdict.

3. INSTRUCTIONS, § 28*—*when giving of oral instructions reversible error*. It is reversible error for a trial court to orally instruct a jury concerning the law of the case, or to orally qualify or explain a given written instruction.

4. INSTRUCTIONS, § 31*—*when oral instruction as to method in arriving at amount of verdict error*. It is error for a court to orally instruct a jury as to the method they are to pursue in arriving at the amount of a verdict.

5. INSTRUCTIONS, § 46*—*when improper as invading province of jury*. Where the evidence is conflicting it is error for the court to assume, in an instruction, that a verdict will or should be returned for any particular sum or any particular party.

6. TRIAL, § 260*—*when court may not reconcile self-contradictory verdict with supposed facts*. Where the real findings of the jury are conjectural, a court may not reconcile a self-contradictory verdict with what he believes the findings to have been.

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the April term, 1915. Reversed and remanded. Opinion filed February 8, 1916.

LEE MIGHELL, HARVEY GUNSUL and OLNEY ALLEN, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

JOHN S. SEARS and ROY J. SOLFISBURG, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case, a judgment was first entered by confession in the City Court of Aurora, on a judgment note made by Matt Fidler, the appellee, in favor of the Aurora Trust & Savings Bank, appellant, for the sum of $3,026.30. Afterwards, on motion of the appellee, the judgment was reopened, to allow appellee to plead in defense, and he pleaded the general issue, and a special plea averring partial payment of the note. The case was tried by a jury, upon issues joined on appellee's pleas. The jury first returned the following verdict: "We, the jury, find the issues for the defendant and assess the plaintiff's damages at the sum of $1,049.02."

After the return of this verdict into court, the following colloquy occurred between the court and counsel and a juror:

"THE COURT: Now, gentlemen, I will have to send you back again because you got confused on this instruction. What we wanted you to do in there was, if you find for the defendant, that means if you find that the defendant was entitled to that credit, then you assess the plaintiff's damages whatever he was entitled to less that credit. Instead of that, you put in there what the defendant was entitled to. What we want to know is what the plaintiff is entitled to, after taking away what the defendant is entitled to. The thing to do is to take and figure up the amount of that note as you are directed to on this first instruction, if you remember the testimony of the young bank fellow as to what his figures—what he said was due on the note.

"JUROR: $3,157.13.

"THE COURT: Then you take that figure at the outset and deduct this amount that you find for the de-

fendant, Matthew Fidler, and then you will have it right. Here I am going to let you go back and fix that. You will get a new blank for it. You can take this one with you so you can keep your figures in mind. I do not know whether that is the figure or not.

"JUROR: I think that was, to the best of my knowledge.

"THE COURT: Have you got my idea now?

"JUROR: I think we have.

"THE COURT: As I understand you, you found in here what the defendant was entitled to as a credit on that note?

"JUROR: Yes, sir.

"THE COURT: Right up to date?

"JUROR: Yes, sir.

"THE COURT: Now then, in order to find what the plaintiff is entitled to, after giving the defendant that, you figure it up to date as you are instructed in these instructions, at a stated rate of per cent., and deduct this amount from that amount, and what is left is what the plaintiff would be entitled to on your findings here. Have you got it right now? If there is any question about it, tell me now.

"JUROR: I think we can get it right now. I think we had the substance of it."

Thereupon the jury again retired, and then returned another verdict, which is as follows: "We, the jury, find the issues for the defendant and assess the plaintiff's damages at the sum of Two Thousand One Hundred Three Dollars and Seventy-eight Cents."

If it were apparent that the foregoing proceedings concerned or affected merely the form of the verdict to be framed by the jury, there would not be sufficient ground in them for reversal of the judgment. (*Brown v. Rounsavell,* 78 Ill. 594.) But it will be noticed that the form of the second verdict is exactly like the first; the change made was a change in the amount of the plaintiff's damages, which the jury assessed, in the

first verdict, at $1,049.02, and in the second verdict at $2,103.78. Evidently the correction made in the verdict related to matters of substance, and not mere matters of form; and it is evident that the instructions which the court gave the jury orally had the direct effect of causing the jury to bring in a verdict which was very different concerning matters of substance, and exactly the same in matters of form. It is not competent for a court to instruct a jury orally, concerning the verdict they should render, except in relation to matters that pertain strictly to the form of the verdict, or to a correction of the form of a verdict. (*Illinois Cent. R. Co. v. Wheeler,* 149 Ill. 525.)

By its oral instructions, the court sought to correct the first verdict which was returned by the jury, concerning the matters which were in controversy, especially referring to the application of a partial payment, which appellee claimed was made upon the note in question, which, however, was denied by appellant, and which was one of the substantial issues to be decided by the jury from the evidence; and, in this connection, the court said to the jury: "The thing to do is to take and figure up the amount of that note as you are directed to on this first instruction, if you remember the testimony of the young bank fellow as to what his figures—what he said was due on the note. * * * Then you take that figure at the outset and deduct this amount that you find for the defendant, Matthew Fidler, and then you will have it right. Here I am going to let you go back and fix that."

This instruction practically directed a verdict, on a controverted question, and the court assumed, for that purpose, that the jury had decided the issue concerning the application of a partial payment made in favor of appellee. This oral instruction was, therefore, prejudicial to the rights of the appellant. It is reversible error for the trial court to orally instruct a jury

concerning the law of a case, or to orally qualify or explain written instructions which have been given. (*Ray v. Wooters*, 19 Ill. 82; *Hefling v. Van Zandt*, 162 Ill. 162; *Jarnecke v. Chicago Consol. Traction Co.*, 150 Ill. App. 248; *City of Abingdon v. Meadows*, 28 Ill. App. 442; *Ellis v. People*, 159 Ill. 337.)

And to instruct a jury orally as to the method which they are to pursue in arriving at the amount of a verdict is error. (*Illinois Cent. R. Co. v. Hammer*, 85 Ill. 526.) Where the evidence is conflicting, it is error for the court to assume, in an instruction, that a verdict will or should be returned for any particular sum or any particular party. (*Hawk v. Ridgway*, 33 Ill. 473.)

Both verdicts which the jury returned were apparently contradictory in terms, and had a double meaning; that is to say, the jury in both verdicts found the issues in the case for the appellee, and yet assessed damages for the appellant. The issues in the case were, first, the general issue, which in effect denied the whole of plaintiff's claim, and its right to recover anything; and the other issue was raised by the plea of partial payment, which denied the appellant's right to recover a part of the note sued on, namely, that part which appellee claimed was liquidated by having directed that the amount of a certain certificate of deposit be applied as a credit on the note. If the jury really found both of the issues in favor of the appellee, then the appellant was not entitled to recover any damages. Inasmuch as the verdict was contradictory and double in its meaning, it would have been entirely proper to have given the jury an additional instruction in writing, in relation to the matter that appeared to be in confusion, and allow them to make their verdict accord with the real conclusions of the jury. The court was not in position to reconcile the verdict returned with what may have been the true findings of the jury, except by guessing at it; and it really left

the true meaning of the verdict a matter of conjecture. Such a verdict, if allowed to stand, necessarily results in a mistrial. (*Levy v. Beckman Pub. Co.,* 65 Hun 619, 19 N. Y. Supp. 751.)

For the errors indicated, the judgment must be reversed and the cause remanded for another trial.

*Reversed and remanded.*